E. W. JACKSON, plaintiff in error *vs.* M. E. SPARKS, defendant in error.

1. Upon the trial of a possessory warrant, the title to the property cannot be investigated; the Court must confine itself to the question of possession.
2. When A exchanged mules with B, and B sold the mules received from A to C, who was an innocent purchaser, A cannot by a possessory warrant, recover the possession of the mule from C, by showing that B had swapped to A a stolen mule for the one in controversy.


Possessory Warrant. *Certiorari.* Decided by Judge VASON. Sumter Superior Court.    April Term, 1867.


The facts of this case were agreed to by attorneys for plaintiff and defendant.

The warrant was in favor of E. W. Jackson vs. M. E. Sparks, for a mule worth one hundred and fifty dollars, and was sued out and tried before JAMES A. ANSLEY, Judge of the County-Court of Sumter County. A negro named Marion, seven or eight days before the warrant issued, stole and carried away from one Hinton, another mule and traded it to Jackson, representing it as his own, for the mule in controversy. Hinton shortly after claimed his mule and Jackson gave it up.

Sparks, without any knowledge of the larceny and fraud, bought Jackson's mule from Marion, and claims the right to keep it.

Judge ANSLEY decided that the mule should be restored to Jackson.

This case was, by *Certiorari,* submitted to Judge VASON, who reversed the decision of Judge ANSLEY, and ordered the mule returned to Sparks upon his giving bond for $300.00 in terms of the Statute.

This decision of Judge VASON is assigned as error.


SCARBOROUGH & GOODE, for plaintiff in error.

H. R. McCAY, for defendant in error.

Jackson *vs.* Sparks.

WALKER, C. J.

1. Upon the trial of a possessory warrant, the Judge or Justice shall hear evidence as to the question of possession in a summary way, without investigating the title to the property. Code, Sec. 3935. The object of the Statute was to quiet the possession of personal property, and not to try the title thereto. Under our laws a different tribunal has jurisdiction of questions relating to title.

2. The plaintiff voluntarily parted with the possession of the mule in controversy, and intended thereby to vest the title in the party from whom defendant purchased. Can this innocent purchaser, by possessory warrant, be deprived of the possession of the mule, because the title of the mule which plaintiff had received in exchange for the one in controversy, proved to be invalid? We think not. The language of the Statute is that the property "has been taken, enticed, or carried away, either by fraud, violence, seduction, or other means, from the possession of the party complaining." This cannot apply to a case where the "party complaining," voluntarily parted with the possession of his property in exchange for other property. This was an exchange of mules, and the plaintiff has his remedy against the negro on his implied warranty of title of the mule swapped to him. If the negro be solvent, as he may be for aught that appears, plaintiff can recover damages for the breach of warranty; if he be not, plaintiff must suffer the consequences of trading with an insolvent stranger.

Does not the Statute contemplate a wrongful taking of the property from the possession of "the party complaining?" and does not the fraud therein mentioned mean that the possession "has been taken" by fraud, and not that fraud may have been practiced to procure the assent of the owner? When it is remembered that the object of the Statute was to quiet the possession of property, without investigating the title, such would seem to be the legitimate construction of its meaning. Under the facts of this case we are very clear that the plaintiff should not recover the possession of the mule by this process.

Judgment affirmed.