## AMOS *vs.* DOUGHERTY *et al.*

The remedy by possessory warrant is applicable, for the purpose of recovering the possession of property, where such possession has been lost by fraud, violence, etc. Where the title is obtained by fraud, and possession accompanies it by consent of the owner, the writ does not lie, nor will the tender back of what was received in exchange, authorize a possessory warrant.

Possessory warrant. Fraud. Action. Before Judge BUTT. Chattahoochee Superior Court. March Term, 1880.

Reported in the decision.

BLANDFORD & GARRARD, for plaintiff in error.

C. J. THORNTON, for defendants.

CRAWFORD, Justice.

This case originated in a possessory warrant sued out by the plaintiff in error to recover the possession of a horse which he had swapped to the defendants in error. The right to recover under the warrant, rested upon the

ground as set forth therein, that the horse was taken and carried away from his, Amos', possession without his consent, by fraud, violence, seduction or other means, and was received and taken possession of by the defendants.

Upon the trial of the case the justice awarded the possession to the plaintiff, whereupon the defendants resorted to their writ of *certiorari* to the superior court, and upon the hearing the judge sustained the *certiorari* and ordered the possession to be restored to the defendants, which judgment is here complained of as error.

This is the second time during the present term that this identical question, arising out of a swap in horses, has been before this court. See *Welborn vs. Shirley,* not yet reported. The ruling in that case must control this, although it was insisted in the argument that it should not, because in that case there was no tender back of the property by the person complaining.

The possessory writ was never intended to do more than restore the *possession* of the property to the party from whom the said *possession* was fraudulently and without consent obtained. Where the *title* is obtained by fraud, and the *possession* accompanies it by the consent of the owner, the writ does not lie. Where one gets the *possession* alone by fraud, violence, etc., or where the property disappears without the owner's consent, and is taken possession of by the party complained against, then in those cases the statute gives the possessory writ as a speedy remedy to restore the possession.

The tender back of whatsoever may have been given in exchange by the complaining party, will not make that possession which simply followed title, such possession as is declared by the statute to be necessary to authorize the exercise of this remedy.

Judgment affirmed.