## ·MOSSMAN *vs.* McKINLEY.

1. Where the untraversed answer of a magistrate to a writ of *certio-rari* sets out the evidence introduced before him, it becomes a part of the record, and needs no further authentication in order to come to this court on exception to the decision of the judge on the *certiorari*.

2. Where, as a part of a contract of purchase between two parties, a third party who held a lien on the property sold agreed to surrender the same, and handed the mortgage and note to the purchaser, who at once proceeded to pay over the consideration as directed by the holder of the lien, but having paid part thereof was prevented from the completion of such payment by garnishments, possessory warrant would not lie to recover the papers on behalf of the holder of the lien.

Possessory Warrant. Practice in Supreme Court. Before Judge WILLIS. Muscogee Superior Court. May Term, 1881.

Reported in the decision.

J. M. RUSSELL, for plaintiff in error.

S. B. HATCHER; W. F. WILLIAMS, for defendant.

SPEER, Justice.

This was a possessory warrant sued out by plaintiff in error against W. P. McKinley to recover the possession of a certain note made by T. D. May, dated the 30th of April, 1880, and due ten days after date, for one thousand dollars, made payable to affiant, and a mortgage deed of same date to secure the payment of said note, which plaintiff in error averred had been recently in "his peaceably acquired possession, and which had been taken and carried away against his consent by fraud, violence, seduction, or other means" by the said McKinley.

On the trial before the magistrate, after hearing the evi-

dence, he ordered that said note and mortgage deed should be restored to the possession of said Mossman on his entering into bond and security, etc. To this judgment the defendant, McKinley, excepted, and sued out his writ of *certiorari* to the superior court to have the judgment reviewed. On the hearing of the *certiorari* in the superior court, the judge sustained it, and reversed the judgment of the court below; to which judgment reversing the judgment of the justice of the peace, plaintiff in error excepted, and assigns the same as error.

1. When the case was called here, counsel for defendant moved to dismiss the same, upon the ground that the testimony taken on the trial before the magistrate was not set forth in the bill of exceptions here, nor approved as correct by the court below, as set forth in the record. We are of opinion that when the evidence of the trial before the magistrate is set out in the answer of that officer to the writ of *certiorari*, duly signed by him, if unexcepted to and not traversed before the hearing in the superior court, it is and becomes a part of the record of the cause and imports, as such, verity, and is to be so considered by the judge of the superior court; and if said testimony by writ of error is transmitted to this court as a part of the record in said cause and duly certified as such, as required by law, it requires no further authentication of its truth and verity before this court. The motion, therefore, to dismiss the case on this ground is overruled.

2. In looking into the record in this case we find that the defendant in error, McKinley, and one Newton, his partner, agreed to purchase of May his bar, fixtures contents, etc., in the city of Columbus, at the price of four hundred dollars, on condition that they could make said purchase entirely free of all liens. It further appears that the plaintiff in error, Mossman, who was the father-in-law of May, the proposed vendor, held a mortgage on the property sought to be sold to secure a note for the sum of one thousand dollars given by May, and at

the request of May he was present at the time when said sale was to be consummated, for the purpose of surrendering his lien if said sale should be effected, and further, that the terms of sale were that McKinley and Newton were to pay the sum of four hundred dollars cash, Mossman was to surrender his mortgage and note to the purchasers, a bill of sale to the property was to be executed by May, and he was, by the direction of Mossman, to receive the money from the purchasers. When the parties met, the terms being agreed upon, Mossman handed the mortgage and subsequently the one thousand dollar note to McKinley, May signed the bill of sale in presence of an attesting witness, the rent notes, before that given by May for the premises, were taken up and new notes, signed by McKinley and Newton, were substituted in their place. Newton paid over his proportion of the purchase money, two hundred dollars, to May in presence of Mossman, and McKinley was about paying the balance of the purchase money, and for that purpose had his pocketbook in his hand, when he was served with three certain summonses of garnishment sued out at the instance of certain creditors of May. This fact arrested then the further consummation of the sale. Whether there was afterwards a delivery of the property sold, the record does not disclose. McKinley proposed to complete it if the summonses of garnishment were arranged or satisfied, so as to protect him from liability thereon. This arrangement to settle the garnishment seems to have miscarried, and May retained the two hundred dollars paid him by Newton, and McKinley retained the mortgage and note in his possession, though Mossman demanded the same of him, whereupon Mossman sued out his warrant to recover possession of the note and mortgage of McKinley.

The *certiorari* from the decision of the magistrate (brought for final review here) embraced three grounds of error:

(1.) In overruling the motion to quash the warrant.

(2.) In compelling defendant without evidence to de-liver to the court the mortgage and note on penalty of imprisonment.

(3.) In awarding the possession of the note and mort-gage to the plaintiff in the warrant under the evidence.

As the two first grounds of error were judgments in favor of this plaintiff in error in the magistrate's court, and the court below did not pass upon them, we presume he now does not seek to have them reversed here, and hence we will not consider them.

The main and only question brought for review here, and which the plaintiff in error seeks to reverse, was, did the court below err in reversing the judgment of the magistrate, and ordering, under the evidence, the note and mortgage to be restored to the possession of McKinley, the defendant in the warrant?

"The office of a possessory warrant is to restore the possession of a chattel to a claimant, from one who has obtained it without the consent of the owner, by 'fraud, violence, seduction, or other means.' It deals with possession, and not title. It is, therefore, not the proper remedy where the chattel in dispute is obtained by the defendant in exchange for another, even though false representations may have been made in the negotiations leading to the trade." See case of *Welborn vs. Shirley,* 65 *Ga.,* 695. So it was likewise ruled in the case of *Amos vs. Dougherty,* 65 *Ga.,* 612: "The remedy by possessory warrant is applicable for the purpose of recovering the pos-session of property where such possession has been lost by fraud, violence, etc. When the title is obtained by fraud, and possession accompanies it by consent of the owner, the writ does not lie, nor will the tender back of what was re-ceived in exchange authorize a possessory warrant."

In looking into the evidence in, this case, it appears McKinley and Newton in good faith proposed to buy the bar and fixtures of May at the price of $400.00, on condi-

tion they could purchase the property free of all liens. Mossman had a lien, and consented to the trade by agreeing to surrender his note and mortgage on the property to be sold. In furtherance of this agreement the parties met, May executed a bill of sale to the property to McKinley and Newton, and by several witnesses it is shown, in conformity with his agreement, Mossman gave to McKinley the note and mortgage, directing the money to be paid to May. Rent notes due by May for the premises were surrendered and notes given by McKinley and Newton were substituted in their place. Two hundred dollars of the purchase money were paid by Newton to May, and the payment by McKinley of the other two hundred was alone arrested by the garnishments served on him by creditors of May, at the moment the money was about to be paid to fully consummate the trade. It is true, there is a conflict in the testimony as to the purpose for which Mossman handed the mortgage and note to McKinley, he insisting, "they were given to McKinley alone for his examination." But, taking all the facts together, sustained by the testimony of disinterested witnesses, we are inclined to think it may be reasonably inferred, as the papers were being then executed and exchanges made, money paid, and as the note and mortgage were to be then surrendered under the agreement made, that it was given to McKinley by Mossman in consummation of his part of the agreement. We are, therefore, not prepared to say they passed from his possession without his consent. Surely the record does not disclose any fraud or violence used by McKinley in receiving them, that is not fully met by testimony on his part. He was not at fault that the trade was not fully consummated. He seems to have acted fairly and in good faith in the whole transaction, and we do not think Mossman is altogether blameless in seeking to recover this property when his agent still retains the two hundred dollars paid to May, without proposing to return it. McKinley has shown, by evidence

sufficient to satisfy the court below, that he has a claim to the papers in dispute, which he obtained for value assumed and paid, and we are not disposed to interfere with the discretion of the judge below in restoring to him property which we think he has shown he obtained under a contract to which plaintiff in error was a party.

Let the judgment of the court below be affirmed.