S. LANDAUER & BROTHER, plaintiffs in error, *vs.* COCHRAN, McLEAN & COMPANY, defendants in error.

1. This court is inclined to the opinion that the right of stoppage *in transitu* in the vendor is superior to the lien of an attachment against the vendee, which was levied upon the goods sold before they reached their destination.

2. Where goods were obtained from the claimants by fraud, no title passed, and the right of the vendors to retake the same by a claim is superior to the lien of an attachment against the vendee levied at the instance of one of his creditors.

Sales. Debtor and creditor. Stoppage *in transitu*. Claim. Attachment. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1874.

Reported in the decision.

THORNTON & GRIMES; C. H. WILLIAMS; BLANFORD & GARRARD, for plaintiffs in error.

PEABODY & BRANNON, for defendants.

WARNER, Chief Justice.

This was a claim case, and on the trial thereof the following facts, in substance, were proved: That on the 10th or 15th of September, 1873, one Holland purchased the goods in controversy from the claimants, who were merchants in the city of New York, on a credit, on the representations made by him to them of his solvency and ability to pay for them. The goods were shipped by the claimants to Holland, at Seale, Alabama, where he resided, within a day or two after the purchase thereof. When the goods were *in transitu* from New York to Seale, Alabama, at the railroad depot in Columbus, Georgia, the plaintiffs in attachment, on the 20th of September, 1873, had the goods attached as the property of Holland, to satisfy a debt due by Holland to them. The claimants afterwards being informed of the insolvency of Holland, on the 16th of October, 1873, interposed their claim to the goods. The court charged the jury, in substance, that if the claimants sold the goods to Holland, the defendant in attachment, on a credit, which goods were to be forwarded to Holland in Alabama, and if said goods were in passage to Holland in Alabama, and if Holland became insolvent, then the claimants had the right to stop said goods before their arrival in Alabama, and to recover possession thereof, and when they had so taken possession of them, their right to retain them was superior to the right of an attaching creditor of Holland. The court further charged the jury,

that if said Holland, by fraudulent representations, obtained said goods, that no title to them vested in him as against these claimants, and if they had the possession of them under a claim, they have the right to retain them against the plaintiffs' attachment." To which charges of the court the plaintiffs in attachment excepted. The jury found a verdict in favor of. the claimants.

1. Whilst we are inclined to think that the claimants' right of stoppage *in transitu* of the goods was superior to the right of the attaching creditor of Holland, under the evidence in the record, still, we do not place our judgment on that ground.

2. We put our judgment on the ground that the goods were obtained by Holland from the claimants by *fraud*, and therefore the sale of the goods by them to him was void, and he acquired no title to the goods as against the claimants. The evidence in the record as to the fraudulent representations of Holland in regard to his solvency, by means of which he obtained the goods on a credit from the claimants, is quite clear and undisputed. If Holland obtained no title to the goods as against the claimants, then the plaintiffs in attachment, who have levied on the goods as Holland's property, in satisfaction of *his* debts, have no better claim to the goods, as against the claimants, than Holland himself, and he having no title to the goods, his creditors have no right to subject the claimants' goods to the payment of Holland's debts by the process of attachment against him. There was no error in the charge of the court in relation to this last point in the case, in view of the evidence in the record.

Let the judgment of the court below be affirmed.