<hr/>

## GARTRELL *vs.* CLAY.

81  327
89  516

Where Gartrell sold furniture to one Sophie Johnson, reserving the title, but the contract by which title was reserved until the goods were paid for was never executed and recorded as required by law,

and said Sophie rented a house from Clay, who took out a distress warrant for the rent and had it levied on the furniture which had been left in the house by her, and had it sold under the levy, and no notice of any kind of the claim of Gartrell was shown to have been given to Clay until after the debt for rent accrued, though it may have been given before the suing out of the distress warrant, a verdict for Clay, in an action of trover for the furniture brought by Gartrell against him, was demanded by the evidence. Hence the verdict will not be set aside for errors committed by the court in its charge to the jury. *Cohen & Co. vs. Candler,* 79 *Ga.* 427, and *Conder vs. Holleman & Ballard,* 71 *Ga.* 93, cited and distinguished.

May 28, 1888.

Conditional sales. Record. Notice. Before Judge HARRIS. City court of Macon. June term, 1887.

Reported in the decision.

STEED & WIMBERLY, H. F. STROHECKER and LYON & ESTES, for plaintiff.

R. W. PATTERSON, for defendant.

SIMMONS, Justice.

It appears, from the record in this case, that Gartrell sold to one Sophie Johnson certain furniture. The first sale was made to her on February 3d, 1883, of furniture amounting in the aggregate to the value of $134.75. She signed a written contract acknowledging the receipt from Gartrell of the furniture, and agreed to pay the $134.75 in instalments of $5 per week, and further agreed that said furniture was to remain the property of Gartrell until fully paid for. This contract was attested by one witness. There were three other papers similar in form to the one signed by Sophie Johnson, two of which were filled out with the description of other furniture sold to her, but were not signed by her. The other was a blank, not filled and not describing any

furniture; but on the back of it was a receipt for money. They were attached to the original contract, and the plaintiff testified that he and Sophie Johnson considered it all one contract, and that she had paid up the whole of it except $20.30. Neither of these papers was executed or recorded as provided in section 1955(a) of the code. It appears further from the evidence, that Sophie Johnson had rented a house from Clay, and that in August, 1885, she left the city of Macon for Savannah, and turned the keys of the house over to Clay, the landlord; and after she left, she wrote to Gartrell to see Clay and either to get Clay to pay the balance due on the furniture or return it to Gartrell. Gartrell's collector saw Clay shortly after this letter was received, and informed him of the contents thereof, and demanded either the money or the furniture, informing Clay that Sophie Johnson had bought the furniture from Gartrell on the instalment plan, and that by the terms of the contract of purchase the title was to remain in Gartrell until the furniture was paid for. Clay replied to him that Sophie Johnson owed him $50 for rent, and that Gartrell could not get the furniture until his rent was paid. Gartrell's attorney also testified that he demanded the furniture from Clay, and that he exhibited to Clay a written contract, wherein Sophie Johnson agreed that the furniture should be Gartrell's until paid for. Clay, in his testimony, denied that he ever saw such a contract, or that he had any notice, either from the attorney or from the collector of Gartrell, as to the title remaining in Gartrell until the furniture was paid for. Clay sued out a distress warrant for his rent. The property was levied on by the constable, and sold at constable's sale. Gartrell brought an action of trover against Clay for the recovery of the furniture. The jury returned a verdict for Clay. Gartrell moved for a new trial, which was refused by the court, and he excepted.

There are fourteen grounds in the motion for a new trial, alleging error in the decisions and rulings of the court below, in this little case involving only $20.30. The view we take of the case renders it unnecessary for us to discuss any of the grounds taken in the motion. The court certainly committed several errors in its charge to the jury; but upon a careful examination of the pleadings and the evidence in the record, we think that the verdict for the defendant was demanded by the evidence, whatever errors the court may have committed. It will be remembered that neither of the contracts on which the plaintiff relied for recovery, was executed and recorded as required by the code; but the plaintiff relied on the fact that Clay had notice that the title was in the plaintiff before he sued out the distress warrant against the furniture and had the same sold thereunder. That may be true, and yet, under the law, he would not be entitled to recover in this case. In order for the plaintiff to recover against Clay, under the facts as disclosed by this record, the notice to Clay of the retention of the title must not only have been before the distress warrant was sued out, but before the credit was given to Sophie Johnson for the rent of the house; because the debt which the distress warrant was sued out to secure was a contract by Sophie Johnson with Clay sometime after the goods had been purchased by her from Gartrell. She rented the house from Clay, and had this furniture in her possession. Perhaps it was on the faith of her having this furniture in her possession that Clay gave her credit. It would not do to hold that Gartrell could make a secret contract of this sort with Sophie Johnson, and allow her to carry the furniture to this house and incur a debt to Clay for the rent, and when Clay undertook to enforce his claim by distress warrant, give notice for the first time of this secret contract and

defeat Clay's right. If he had complied with the law of the State, and had his contract executed and recorded as required by law and within the time prescribed by law, that of itself would have been sufficient notice to Clay. The evidence in the record shows that it was not executed and recorded as the law required, and that Clay had no notice of the claim of Gartrell until after his debt had matured, and until just before the suing out of the distress warrant. Under this view of the case, we think, as above remarked, that the verdict was right and demanded by the evidence, regardless of any errors that the court may have committed in its charge to the jury. This case differs from the case of *Conder vs. Holleman & Ballard*, 71 *Ga.* 93. In that case, Conder had obtained his judgment against Hudson three years before Holleman & Ballard sold the mule and wagon to Hudson. The paper was not recorded as required by law, but the court held that the fact of its not being recorded would not subject the property to the execution of Conder, because he did not give Hudson credit on the faith of that property, and Hudson only having a conditional title to the property which he acquired long after the judgment of Conder, the lien of that judgment did not attach as between Conder and the vendors to Hudson. In this case, the papers not being executed nor recorded as prescribed by law, it was nothing more than a parol contract between Gartrell and Johnson, as far as third persons were concerned; and Clay having given credit on the faith of the property, and having no notice of the reservation of the title by Gartrell before his debt was contracted, he will be protected against Gartrell's claim. Independently of this distinction, in a case involving rent, see *Cohen & Co. vs. Candler*, decided at the October term, 1887, of this court. 79 *Ga.* 427.

Judgment affirmed.