## BERGAN *v.* MAGNUS & COMPANY.

1. Where goods were sold for cash, to be paid for on delivery, the prepayment of the price being a condition precedent of the sale, the mere fact that the buyer obtained possession did not operate to pass the title to him, and notwithstanding such possession the title remained in the seller, the purchase money not having been paid.
2. The evidence was amply sufficient to warrant the judge, who tried the case without a jury, in finding for the claimant; and irrespective of the various rulings complained of, the judgment was manifestly right and will not be disturbed.

June 1, 1896. By two Justices. Argued at the last term.

Levy and claim.   Before Judge Willis.   City court of Columbus.   January term, 1895.

*Battle & Miller,* for plaintiff.
*Carson & Williams,* contra.

LUMPKIN, Justice.

An attachment in favor of Bergan against Allen was levied upon a barrel of whisky, a claim to which was interposed by Magnus & Company.   The plaintiff's theory was, that the whisky had been sold by the claimants to Allen, and that the title had passed into the latter before the attachment was levied.   On the other hand, the contention of the claimants was, that under the terms of the contract between themselves and Allen, the sale had never become complete, and that he had never acquired title.   There was some question as to whether or not Allen had ever obtained possession of the whisky, the claimants insisting that they had exercised their right of stoppage *in transitu,* and the plaintiff denying that this was true.   In the view we take of the case, however, this question is immaterial; for

even upon the assumption that Allen actually obtained possession, we are of the opinion that the judge, who tried the case without a jury, rightly found for the claimants. The evidence fully and amply warranted him in reaching the conclusion that the sale from Magnus & Company to Allen was for cash which the latter was to pay upon delivery of the whisky, and that prepayment of the price was a condition precedent to the sale. There was no pretence that Allen had paid the price. This being so, even if Allen had in fact obtained possession, the title did not pass to him under the contract, for the reason that he failed to comply with the condition upon which the sale depended. "If the sale be for money to be immediately paid, or to be paid upon delivery, payment of the price is a precedent condition of the sale, which suspends the completion of the contract until the condition is performed, and prevents the right of property from passing to the vendee, unless the vendor chooses to trust to the personal credit of the vendee." The foregoing is an extract from the opinion of Washington, J., delivered in the case of Copland v. Bosquet, 4 Wash. C. C. 588, cited in 1 Benj. on Sales, §336. To the same effect, see Tiedeman on Sales, §206. In Dows v. Dennistoun, 28 Barb. 393, it appeared that certain flour had been sold for cash on delivery; that is, the cash was to be paid within ten days. Upon these facts, Davies, P. J., remarked: "The very terms and import of this arrangement are that there was to be a qualified delivery, which was to precede the payment; and it is apparent from the facts in this case that the possession of the goods was entrusted to the vendee for the purpose of enabling him to realize upon them, and thus provide means for the payment of the price. Such an understanding, arrangement or custom cannot, we think, be construed into an absolute transfer of the title to the property, as between the original parties to it, or those who have no greater equities than the original parties." The same doctrine was recognized in Harding v. Metz, 1 Tenn. Ch.

610, in which it was held that: "If personal chattels be sold upon the express condition that they are to be paid for on delivery, and they are delivered upon the faith that the condition will be immediately performed, and performance is refused upon demand in a reasonable time, no title passes to the buyer." And see Armour *v.* Pecker, 123 Mass. 143; Solomon *v.* Hathaway, 126 *Ibid.* 482; *Mathewson* v. *Belmont Flouring Mills Company*, 76 *Ga.* 357.

*Judgment affirmed.*