WHEELER AND WILSON MANUFACTURING COMPANY v. IRISH AMERICAN DIME SAVINGS BANK et al.

| 105 | 57 |
| 113 | 323 |
| 113 | 324 |
| 105 | 57 |
| 114 | 303 |

Where a purchaser agrees to pay for goods on delivery, either in cash at a named discount or by note due in six months, the contract of sale is conditional, and the payment of the cash or the giving of the note is a condition precedent to the passing of title. Where, however, the goods are delivered by the seller and left for some time in the possession of the purchaser, no steps for their reclamation being taken by the seller, and the purchaser mortgages them to an innocent third party, such conduct may amount to a waiver of the condition and operate to pass the title to the goods into the purchaser. Even if, in this case, the condition was not waived, still, under the provisions of our code, the reservation of title was not valid as against a third party without notice, the conditional contract of sale having been neither executed and attested nor recorded as provided by law.

Argued June 8,—Decided July 22, 1898.

Equitable petition — intervention. Before Judge Callaway. Richmond superior court. October term, 1897.

Fleming & Alexander, for plaintiff.
C. H. Cohen and W. K. Miller, for defendants.

SIMMONS, C. J. It appears from the record, that, on February 12, 1897, the Southern Cycle & Sporting Goods Company gave to Puckett, an agent of the Wheeler & Wilson Manufacturing Company, the following order: "We hereby order through your salesman, Mr. C. M. Puckett, subject to your approval, the

.following ·Wheeler & ·Wilson Sewing Machines to. be shipped from Bridgeport, Conn., free on board, released; [describing machines], for which we agree to pay you the sum of five hundred and eighty-seven and fifty one hundredths dollars on the following· terms: Note at six months or cash on receipt of machines, less 10 per cent. from above. Plenty of advertising matter. The above is exact statement of terms agreed on as per .above order; and it is fully understood and agreed that no claim or demands on account of any promise either verbal or written, or any agreement of .any kind whatever, outside of this order, will or can be made, the undersigned agreeing to be bound strictly by the terms and conditions above named." In pursuance of this order the machines were shipped to the vendee, which received them on March 1, 1897. On March 16 following, the vendor wrote to the vendee asking that it send check for the amount of the purchase, less discount, or sign and return a note which was inclosed with the letter. On March 30, 1897, the vendor wrote vendee another letter asking for either the cash or the note. On April 17 and on April 21, the vendor wrote again asking for a settlement under the terms of the contract. The vendee did not send either the cash or the note. On April 2, 1897, the vendee applied to a bank for a loan of money. The cashier of the bank went to the vendee's place of business, examined the machines, and took a mortgage on them to secure the loan, which he agreed to make. The vendee represented that the machines belonged to it, and the bank loaned the money and took the mortgage without any notice or knowledge of the conditional contract under which it is claimed. the vendee held the machines. The mortgage was duly recorded. On April 17 the vendee failed. The bank commenced proceedings to· foreclose its mortgage, a creditors' bill was filed, and the assets of the vendee placed by the court in the hands of a receiver. On May 11, after the appointment of the receiver, the vendor filed its intervention, claiming that the contract .of sale of the machines to the vendee was a conditional one, that the vendee had failed to comply with the condition (give its note or pay the cash),. and that therefore the title to the machines was in the vendor and could not be subjected to the debts of the vendee or

to the mortgage given by it upon the machines. The bank claimed that it had loaned its money and taken the mortgage in good faith, without any notice or knowledge of the conditions of the contract of sale, and that the intervenor, by its unconditional delivery of the machines, had waived its right to insist upon the conditions precedent in the contract; that it was guilty of laches in not insisting within reasonable time upon the performance of the condition by the vendee and in forbearing to retake the goods upon the vendee's failure to perform. It also claimed that the sale of the machines, being conditional, in effect reserving the title in the vendor until compliance with the conditions, had become absolute as to third persons, because the contract was not executed and recorded as required by the statutes of this State, and that the bank being an innocent purchaser without notice, its title would prevail over that of the vendor. The case was submitted to the judge, without the intervention of a jury, and he held that the title to the goods in question was not in the intervenor, and that the goods were subject to the mortgage of the bank. He directed the receiver to sell the machines and pay over the proceeds to the bank. The intervenor moved for a new trial, and to the overruling of this motion it excepted.

1. The general rule is, that in conditional contracts of sale, where the vendee is to perform some act which is a condition precedent to the completion of the sale, the title does not pass until this act is performed. Treating the instrument above set out as a conditional contract of sale, it was a condition precedent to the passing of title that the vendee should either give its note payable at six months or pay the cash with the discount named. This condition was not complied with in the present case, and, according to the great weight of authority, title as between the vendor and vendee did not pass. But a vendor may waive the condition so as to pass the title, and in some cases the law will presume a waiver on the part of the vendor where by reason of his conduct rights of innocent third persons have intervened. An absolute and unconditional delivery of the goods may waive the reservation of title, and a vendor can not rely upon his reservation of title as against innocent third persons where they have been injured by his waiting an unreasonable

length of time, after breach of the condition precedent,. before taking any steps to reclaim his goods. As far as the present record discloses, there was an absolute and unconditional delivery. The record does not show that there were any conditions. made at the time of the delivery, any letters written in regard thereto, or any notice of any character given to the vendee or to any one else. " In such case an absolute and unconditional delivery of the property by the vendor, without exacting at the time of delivery a performance of the condition, or attaching any other condition to the delivery, is presumed to be a waiver of the condition, and a complete title passes to the vendee. By such delivery the vendor is presumed to have abandoned the security he had provided for the payment of the purchase-money, and to have elected to trust to the personal security of the vendee. But this presumption may be rebutted by the acts and declarations of the parties, or by the circumstances of the case." 6 Am. & Eng. Enc. L. (2d ed.) 475. So far as the record discloses, there was no effort on the part of the vendor to rebut the presumption of waiver raised by the delivery. It is true the vendor wrote several letters requesting a performance of the conditions by the vendee, but these were long after the machines had been received by the vendee. A demand for compliance with the conditions should have been made at the time of the delivery. Had it been made and the delivery thus been conditional, the vendor would have been protected as to this point,. and the title, as between the vendor and vendee, would not have passed. Except the act of delivery itself, the only thing in the record touching upon the delivery is expressed in the contract: " free on board, released." These words indicate that the machines were to be delivered to the common carrier at Bridgeport,. Conn. No bill of lading, so far as appears, was obtained payable to the order of the vendor, which would in itself be a reservation of title, nor was there a draft with bill of lading attached sent to a bank or third person so as to prevent delivery to the vendee until it had performed the conditions. The absence of these circumstances would indicate very strongly that the delivery was unconditional; and, as before remarked, the burden was on the vendor to show a conditional delivery. Further, we are

inclined to think that the vendor waived its rights by laches. The order was given on February 12, the goods delivered March 1, and no effort made to reclaim the machines until May 11. We think that, in these days of trade and traffic, when personal property is liable to change hands every day, two months and a half is too long a time for a vendor, reserving title to goods in another's hands, to wait without asserting his title or giving notice in some way that the goods belong to him. By a failure to exercise his rights in due time he has lost them as against innocent third persons whose rights have accrued.

Even if the above is not true, we are clear that the judgment of the trial judge was correct. This, being a contract of conditional sale, was not executed or recorded as prescribed by law. The code declares, in substance, that every such contract shall be attested and recorded as are mortgages on personalty. A mortgage on personalty requires the attestation of a notary public or other officer, and must be recorded within the time prescribed by law. In 1881, when this recording act was enacted, a mortgage on personal property was required to be recorded within thirty days from its date. As to this kind of mortgage the law is now different, but, in the case of *Bond* v. *Brewer,* 96 *Ga.* 443, it was held that the change in the law of the record of mortgages of personal property did not change the law as to recording conditional sales. The latter should, therefore, still be recorded within thirty days from its date. Treating the date of the real contract as of the time of delivery, which was March 1, it should have been recorded within thirty days from that time. The bank's mortgage was given on April 2, more than thirty days after the delivery of the goods. The contract being neither executed and attested nor recorded as required by law, the reservation of title was not effectual as against third persons without notice, and the sale was, as to them, an absolute one. It follows that the title of the vendor could not prevail over the rights of the mortgagee.

      *Judgment affirmed.     All the Justices concurring.*