## In re GOSCH.

## BERLIN MACH. WORKS v. HILTON & DODGE LUMBER CO. et al.

(Circuit Court of Appeals, Fifth Circuit. December 14, 1903.)

### No. 1,248.

1. SALES—CONDITIONAL CONTRACT—TIME FOR RECORD—STATUTES.

A conditional contract for the sale of machinery was entered into February 1, 1902, through an agent of the seller. It provided that it was subject to the seller's approval in another state, and it was approved by him on February 4, 1902. Another provision of the contract declared that the machine was to be delivered subject to the approval of the buyer, and it was not delivered until June 20, 1902, when the contract was acknowledged and recorded. *Held*, that the date when the contract was fully completed was the date of the delivery of the machine, and not the date of the making of the contract, or of its acceptance by the seller, and hence it was recorded within 30 days from its date, as required by Code Ga. 1895, § 2777, in order to be binding as against other creditors of the buyer.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of Georgia.

For opinion below, see 121 Fed. 602.

On October 9, 1902, the Berlin Machine Works filed in the office of the referee an intervention seeking to recover certain machinery therein described, and alleging that said machinery was delivered to the bankrupt on or about the 20th day of June, 1902, and upon which date of delivery the said bankrupt and one B. E. Williams, representing the Berlin Machine Works, jointly acknowledged before a notary public of Glynn county, Ga. (the county of the residence of the bankrupt), the execution of a conditional contract of sale by which the said machinery was sold to the bankrupt, and by the terms of which the title of the said machinery was retained in the Berlin Machine Works until the entire purchase money was paid; a copy of the contract being attached to the intervention. That immediately after the execution of the contract of sale the said Berlin Machine Works had the same recorded in clerk's office of the superior court of Glynn county, Ga. That the said property is in the possession, custody, and control of the trustee of the estate, and that the bankrupt has not paid anything on account of said machinery. That the machinery has been identified by the Berlin Machine Works in possession of the trustee in bankruptcy. That the same is easily capable of removal from the said plant, without injury and damage to the other machinery and fixtures therein, and that the said Berlin Machine Works desires to recover possession of the said property, as the machinery will speedily deteriorate in value (being without proper attention), thereby causing financial loss to the intervener. Upon said petition as filed, the referee granted an order requiring the trustee of said estate to show cause before him on the 14th day of October, 1902, why the prayer of the petitioner should not be granted, and directed that a copy of the petition and the order be served upon the trustee. That upon the said 14th day of October, 1902, Hilton & Dodge Lumber Company, J. M. Bloodworth, Rand-McNally Company, the Brunswick Bank & Trust Company, J. S. Schofield's Sons Company, and H. S. McCrary, unsecured creditors of said bankrupt, appeared at said time and place, and by their attorneys filed the following objections to the said intervention of the Berlin Machine Works:

"(1) That, what purports to be a copy of a conditional bill of sale attached to said petition not having been recorded within thirty days after its execution, all rights thereunder are, as a matter of law, postponed to the rights of claims of petitioners which have arisen since its execution.

"(2) That said paper not having been executed as required by law for the purpose of admitting it to record, and therefore not good against claims which have arisen against said Gosch since the delivering to him of said machinery.

"(3) That the vendor in said bill of sale only purports to have executed the

conditional conveyance through one F. D. Jones, which execution is not attested in accordance with law, nor afterward attempted to be acknowledged so as to entitle the same to record.

"(4) That even if said conveyance should in any manner be held to have been made for said vendor by B. G. Williams, salesman, whose name is signed thereto, still the acknowledgment by which said instrument is sought to be made entitled to record is made by said Williams personally, and not on behalf of said vendor, and is therefore of no effect for the purpose intended.

"(5) That, even if valid and binding against subsequent creditors, said instrument provides that a payment of $250 shall be made before shipment of the machine, and that the agreement is not modified by any agreement not expressly stated therein, and the record of this instrument as alleged, after the receipt of the machinery by said bankrupt, estops the vendor from setting up that the payment had not been made, against the claim of subsequent creditors, who had record notice before extending credit to the bankrupt that such payment had been made and such interest acquired in the machinery by said bankrupt."

In answer to the fifth ground of objections, counsel for the Berlin Machine Works stated in open court that the bankrupt had paid certain freight charges on a shipment of the machinery from the Berlin Machine Works, amounting to something like $100, and that the Berlin Machine Works received from the bankrupt a postdated check for the difference between the amount of the freight charges paid by the bankrupt and the amount of the first payment, $250, and that this check was afterwards, on June 28, 1902, protested for nonpayment. There was no contention on the part of the Berlin Machine Works that objecting creditors had actual notice of the reservation of title.

No issue was made on the facts stated in said intervention, and, after hearing argument of counsel for the intervener and the argument of counsel for the objecting creditors, the referee passed an order granting the prayer of the intervener, and directed the trustee of said estate to deliver to said Berlin Machine Works, or its representative or attorney, the property prayed for in their said intervention.

The contract of sale found in the record shows condition, acknowledgment, and record as follows:

"It is agreed that title to the property mentioned above shall remain in the consignor until fully paid for in cash, and that in case of rejection consignee will promptly return it to consignor f. o. b. at Beloit, Wis., and that this contract is not modified or added to by any agreement not expressly stated herein, and that a retention of the property forwarded, after thirty days from date of shipment, shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor, and void all its contracts of warranty express or implied. It is further agreed that the purchaser shall keep the property fully insured for the benefit of the Berlin Machine Works.

"Ship via: With W. H. Payne shipment, and bill to Brunswick, rebilling W. H. Payne, to Waycross, as car lot.

"Brunswick Sash & Door Co.,
"In presence of: H. D. Gosch.                   by John Gosch, Mgr.,
"Accepted by: B. G. Williams,
    "Salesman for Berlin Machine Works.
"Subject to approval at the main office, Beloit, Wisconsin.
"Received and accepted, Beloit, Wis., 2—4—02.

"Berlin Machine Works,
"In presence of: ———————.                   by F. D. Jones.
"Printed in transfer ink. Please retain copy."
On the back appears:
                    "Georgia, Glynn County.

"Personally appeared before the undersigned, a notary public in and for said State and County, Jno. Gosch and B. E. Williams, who each acknowledged that they executed the foregoing contract.
"This June 20th, 1902.          C. C. Cosby,
"(See next page.)                    Notary Public, Glynn County, Ga.

"Georgia, Glynn County.

"Clerk's Office, Superior Court.

"I hereby certify that the within instrument was filed for record at 8:45 o'clock a. m., this 20th day of June, 1902, and recorded in book UU, folio 324, this 20th day of June, 1902.
A. O. Townsend,
"Deputy Clerk."

To the ruling and order of the referee, creditors filed exceptions, and prayed that the issue be certified to the judge of the District Court for review. On the hearing before the district judge, the decision of the referee was reversed, and the intervention of the Berlin Machine Works was denied.

Max Isaac, for petitioner.

W. E. Kay, for respondents.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). The District Court denied petitioner's intervention on the ground that the conditional sale of the property was not duly recorded within 30 days from its date, as required by the laws of Georgia.

Section 2776 of the last Code of Georgia (1895) provides:

"Whenever personal property is sold and delivered with the condition affixed to the sale, that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, every such conditional sale, in order for the reservation of the title to be valid as against third parties, shall be evidenced in writing, and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property; as between the parties themselves, the contract made by them shall be valid, and may be enforced whether evidenced in writing or not."

The next section (2777) provides:

"Conditional bills of sale must be recorded within thirty days from their date, and in other respects shall be governed by the laws relating to the registration of mortgages."

The preliminary contract in this case was entered into and bears date February 1, 1902. It could not well have been recorded on that date, because it was negotiated by an agent in Georgia, and was made subject to the approval of the petitioner, at Beloit, Wis. It appears to have been approved by the petitioner the 4th of February, 1902, but even then it was not ready for record, because the machine was to be delivered subject to the approval of the purchaser. The machine was delivered and the contract was acknowledged and recorded on the 20th day of June, 1902.

Laws should be construed with reference to the advantages to be derived therefrom, and the mischiefs to be remedied. Up to the time of the delivery of the machine, when the contract of sale became effective between the parties, it was useless to record the same, because up to that time no creditors, secured or otherwise, could be affected thereby. It is said that "the law does not require vain and useless things," but what use could result from a record of the preliminary contract in this case before delivery thereunder?

The conditions stipulated in the contract in this case were (1) as to the approval of the Berlin Machine Works; (2) as to the approval of the purchaser after delivery; (3) that until payment the Berlin

Machine Works was to retain title, and it is in regard to the last condition that the Georgia law requiring conditional sales to be recorded is concerned.

Taking all the facts and conditions into consideration, what was the date of the contract of sale, within the meaning of section 2777 of the Georgia Code of 1895? All the reasons and purposes of the law, as we understand them, require us to hold that the date of the real contract of sale was the date of delivery. The exact point does not appear to have been ruled in the Supreme Court of Georgia, except as in Wheeler v. Bank, 105 Ga. 57, 61, 31 S. E. 48, 49, where the court, without discussing the point, used this language: "Treating the date of the real contract as of the time of delivery, which was," etc. It is claimed, and perhaps justly, that this is obiter; but it seems to us to be well said, and, if not controlling as affecting the question before this court, it is very persuasive to the effect that when the Supreme Court of Georgia does pass upon the question of the date for record, under section 2777, of a conditional sale like the one now before us, the date of the real contract will be held to be as of the time of delivery.

As we hold that the conditional sale was duly recorded, it is unnecessary to pass upon other interesting questions argued.

The finding and order of the referee were correct, and are approved, and the case is remanded, with instructions to proceed accordingly.