## WILSON & WALLACE *v.* COMER.

"If personal chattels be sold upon the express condition that they are to be paid for on delivery, and they are delivered upon the faith that the condition will be immediately performed, and performance is refused

upon demand in a reasonable time, no title passes to the buyer." *Bergan* v. *Magnus*, 98 *Ga.* 514. Therefore, in such a transaction, trover will lie to recover the goods or their equivalent in money.

Submitted March 3,—Decided May 16, 1906.

Trover. Before Judge Reid. City court of Atlanta. May 23, 1905.

Wilson & Wallace brought trover against W. T. Comer, for certain lumber. On the trial of the case Wallace testified as follows: "He [Comer] told me to ship the lumber and file the bill of lading in the Lowry National Bank. I told him I didn't do any business with any bank, and it would be trouble to me, and would be less trouble for me to ship the lumber to him and for him to mail me a check at once. He said, very well. There was something said about mailing the check on receiving the lumber, and I told him when he received the lumber to mail me a check for the same at once. He said he would do it. That was the contract of sale. I have never received the check. My firm has not received the check for that lumber." Wallace further testified as to his efforts to collect the amount due. At the conclusion of the plaintiff's evidence the defendant moved for a nonsuit, upon the ground that the transaction was an ordinary sale, title had passed, and trover for the lumber would not lie. This motion was granted. The plaintiffs excepted.

*Hulsey & Field,* for plaintiffs.

*James H. Gilbert* and *Edward R. Austin,* for defendant.

COBB, P. J. (After stating the foregoing facts.) The sole question in this case is whether title to the lumber passed to the defendant, or whether it remained in the plaintiffs until the check was received in payment of the lumber. If title passed, trover would not lie, and a nonsuit was properly granted. "If personal chattels be sold upon the express condition that they are to be paid for on delivery, and they are delivered upon the faith that the condition will be immediately performed, and performance is refused upon demand in a reasonable time, no title passes to the buyer." *Bergan* v. *Magnus, 98 Ga.* 514, and cit. The transaction in this case was clearly a cash sale, and no title passed to the defendant. The granting of a nonsuit was therefore erroneous, and the judgment is                    *Reversed. All the Justices concur.*