## 7087.  MOON v. GULF FISH COMPANY.

BROYLES, J. 1. Where personal property is sold upon the express condition that the sale is for cash and that no credit is to be extended, but that the defendant is to have three or four days after delivery to check and examine the shipment and, if correct, to remit for it, and, if not correct, to return it immediately, and the property is delivered on faith that the condition will be immediately performed, and performance is refused upon demand in a reasonable time, or the property is actually converted by the purchaser, no title passes to him, and trover will lie to recover the goods or their equivalent in money. *Loveless* v. *Fowler*, 79 *Ga.* 134 (3), 136 (4 S. E. 103, 11 Am. St. R. 407); *Bergan* v. *Magnus*, 98 *Ga.* 514 (25 S. E. 570); *Wilson* v. *Comer*,

125 *Ga.* 500 (54 S. E. 355, 114 Am. St. R. 245) ; *Starnes v. Roberts,* 128 *Ga.* 718 (58 S. E. 348).

2. There was no error in overruling the demurrer to the petition.

3. Under repeated rulings of this court, an assignment of error based upon a refusal to grant a nonsuit will not be considered when the case proceeds to a verdict against the defendant, and exception is taken to the overruling of a motion for a new trial in which is included the ground that the verdict is contrary to the evidence.

4. The refusal of the trial judge to direct a verdict is no ground for a new trial.

5. There was evidence authorizing a finding that the transaction in this case was a cash sale and that no title passed to the defendant, and the court did not err in refusing to set aside the verdict in favor of the plaintiff.                                                  *Judgment affirmed.*

DECIDED JUNE 23, 1916. REHEARING DENIED JULY 6, 1916.

Complaint; from city court of Atlanta—Judge Reid. October 30, 1915.

The petition states that A. M. Moon, the defendant, "is in possession of certain personal property, a statement of which is hereto attached, of the value of . . $114.99, to which . . petitioner claim title," and that the defendant refuses to deliver the above-described property to petitioner or pay him the profits thereof; wherefore petitioner prays that process may issue, etc. The attached statement, referred to in the petition, and which by amendment was subsituted for the original description, is in the form of an account between the plaintiff and the defendant, beginning with dated items as follows: "342 lbs skinned groupers, 4¢, $13.68; 258 lbs headless snappers, 6-1/2¢, $16.77; 3 barrels, .75," and with other like items, aggregating in amount $114.99. The defendant demurred, on the grounds that no cause of action was set forth; that the suit was an action on an account, and not trover; that it was an action ex contractu, and not ex delicto; that there was a fatal variance between the petition and the statutory affidavit made for the purpose of requiring bail, and that the amendment substituting the above-mentioned statement for the original description of the property set forth a new and distinct cause of action. The original description was an itemized statement consisting of repetitions of the item "B/R Fish," with dates and amounts corresponding to those in the subsituted statement.

*Morris Macks,* for plaintiff in error.

*Hendricks & Silverman,* contra.