## 13078. OWENS v. JONES-KENNEDY FURNITURE CO.

Where personal property was sold on the installment plan and by the contract the first payment was to be made in cash, and a check was given for this " cash " payment, on the faith of which the property was delivered to the purchaser, the title to the property did not pass from the vendor to the vendee if the bank refused to pay the check because of " insufficient funds " and the vendor within a reasonable time demanded possession of the property from the vendee.

DECIDED MARCH 7, 1922.

Certiorari; from Fulton superior court — Judge Pendleton. November 2, 1921.

*Etheridge, Sams & Etheridge,* for plaintiff.

*Leon C. Greer,* contra.

BLOODWORTH, J. Mrs. Lady P. Kinsey rented a house from John S. Owens. She obtained from Jones-Kennedy · Furniture Company certain furniture which it delivered at her house, the same being the house rented from Owens. As a part of the purchase-price of the furniture she gave a check for $50 and executed a contract in which it was stated that she was to pay $50 cash and the balance of the purchase-price at the rate of $10 per week. The check for $50 which she gave was returned by the bank marked " insufficient funds." The agent of the sellers notified Mrs. Kinsey that " if she could not pay the check she would have to return the furniture." The check was not paid. The agent finally obtained from her the key to the house, and with a conveyance went there to remove the furniture. When he reached the house he found that the furniture had been levied upon by virtue of a distress warrant in favor of the landlord, John S. Owens. The Jones-Kennedy Company filed a claim to the furniture, and a trial of this claim in the municipal court resulted in a judgment in favor of the claimant. Certiorari was sued out, the certiorari was overruled, and Owens excepted.

" Fraud voids all contracts." Civil Code (1910), § 4254. See also sections 4111, 4112, and 4113 of the code. In *Starnes* v. *Roberts,* 128 *Ga.* 718 (58 S. E. 348), the Supreme Court said: " If personal chattels be sold upon the express condition that they are to be paid for on delivery, and they are delivered upon the faith that the condition will be immediately performed, and performance is refused upon demand in a reasonable time, no title

passes to the buyer. *Bergan* v. *Magnus,* 98 *Ga.* 514." Demand for the property was made in a reasonable time. See *Wilson* v. *Comer,* 125 *Ga.* 500 (54 S. E. 355, 114 Am. St. R. 245) ; *Newman* v. *Claflin Co.,* 107 *Ga.* 89 (32 S. E. 943) ; *Landauer* v. *Cochran,* 54 *Ga.* 533 ; Jaffrey v. Brown, 29 Fed. 477 (8), and cases cited on page 482, and especially cases cited in note on page 485.

The record shows that at the time Mrs. Kinsey contracted to purchase this furniture she was a tenant of Owens and in arrears with her rent, and it is clear that the landlord did not extend credit to her, nor did he pay anything or part with anything " on the faith of the property in the possession of the tenant." *Sutton* v. *Ford,* 144 *Ga.* 596 (87 S. E. 799, L. R. A. 1918D, 561) ; *Matthews* v. *Kennedy,* 113 *Ga.* 378 (38 S. E. 854). He does not stand in the position of a bona fide purchaser for value and without notice of the fraud. In *Exchange Bank* v. *Claflin Co.,* 100 *Ga.* 642 (29 S. E. 439), the Supreme Court said: " A title obtained by fraud is voidable in the vendee, and is good only when set up by a bona fide purchaser without notice." Civil Code, § 3540 (section 4120 of the Civil Code of 1910). A creditor by mortgage who did not extend credit on faith of the property, title to which was obtained by fraud, is not such a purchaser as will be protected. *Dinkler* v. *Potts,* 90 *Ga.* 103 (15 S. E. 690). All the cases cited by the plaintiff in error can be distinguished from the one under consideration. The question of fraud, which enters into this case, differentiates it from several of those cited by counsel for the plaintiff in error. As an illustration, take the case of *Gartrell* v. *Clay,* 81 *Ga.* 327 (7 S. E. 161). In that case there was no suggestion of fraud . Besides, the Supreme Court in the opinion in that case (p. 330) said: " The debt which the distress warrant was sued out to secure was a contract by Sophie Johnson with Clay some time after the goods had been purchased by her from Gartrell. She rented the house from Clay, and had this furniture in her possession. Perhaps it was on the faith of her having this furniture in her possession that Clay gave her credit." In the case sub judice, as shown above, the furniture was purchased after the house was rented. Mrs. Kinsey gave a check for the initial payment. That this payment was to be " cash " is shown by the contract, and it is evident that the seller accepted the check as cash, and when the bank refused pay-

ment of the check because of "insufficient funds," there was really no payment, and the title to the property did not pass to Mrs. Kinsey. "A bank check tendered in payment is not such until paid." *Sims* v. *Bolton,* 138 *Ga.* 73 (74 S. E. 770); Civil Code (1910), § 4314. In the case just cited the Supreme Court held that "the transaction of purchase and sale being a cash one, the title to the mule did not pass from the vendor to the vendee on the failure of the bank to cash the check." Under the ruling in that case it was not necessary for the vendor to formally tender to the vendee the contract and the unpaid check, as they were introduced in evidence upon the trial of the case

Under the facts of this case, title to the furniture never passed into Mrs. Kinsey; it was not subject to the distress warrant, and the certiorari was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*