13628. MORRIS & COMPANY *v.* WALKER BROTHERS COMPANY.

JENKINS, P. J. 1. "Whenever personal property is sold and delivered with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase-price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid against third parties, shall be evidenced in writing, and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property; as between the parties themselves, the contract as made by them shall be valid and may be enforced, whether evidenced in writing or not." Such reservations of title "must be recorded within thirty days from their date." Civil Code (1910), §§ 3318, 3319; *Penland v. Cathey,* 110 *Ga.* 431 (35 S. E. 659); *Davis v. Banks,* 142 *Ga.* 93 (82 S. E. 497).

2. In a sale of goods, where nothing is said between the parties as to the time of payment of the price, the transaction is understood to be a cash sale. Civil Code (1910), § 4130; 23 R. C. L. 1382 (§ 205); 35 Cyc. 264 (§ 3). In such a case the mere fact that the buyer obtained possession of the goods without payment of the purchase-price does not, as between the vendor and the vendee, operate to pass the title, and trover will lie against him to recover the goods or their equivalent in money. *Bergen v. Magnus,* 98 *Ga.* 514 (25 S. E. 570); *Wilson v. Comer,* 125 *Ga.* 500 (54 S. E. 355, 114 Am. St. R. 245); *Susong v. McKenna,* 126 *Ga.* 433 (55 S. E. 236); *Starnes v. Roberts,* 128 *Ga.* 718 (58 S. E. 348); *Moon v. Gulf Fish Co.,* 18 *Ga. App.* 267 (89 S. E. 374). But where, under the express or implied terms of a sale, the purchase-price is to be paid upon delivery of the goods, and the vendor, without collecting the purchase-price, nevertheless proceeds to make delivery in pursuance of his contract, and the vendee, after such delivery, proceeds to resell the goods to a bona fide purchaser for value, the rights of such innocent third person are governed by the provisions of sections 3318 and 3319 of the Civil Code relative to conditional sales, and the vendor cannot recover the goods from such innocent purchaser, where the terms of sale had not been reduced to writing and recorded as required by the statute. *Wheeler v. Bank,* 105 *Ga.* 57, 59, 61 (31 S. E. 48). The rule which thus obtains in favor of bona fide purchasers

for value in ordinary contracts of purchase and sale does not have application in cases where possession of the goods has not been delivered to the vendee in pursuance of the contract of sale (*Leres* v. *Kytle*, 17 *Ga. App.* 430, 87 S. E. 710), or in cases where the subsequent sale has been made to one not a bona fide purchaser (*Ferguson* v. *Hogan*, 27 *Ga. App.* 286, 288, (108 S. E. 70); nor is the rule applicable in cases involving contracts of bailment, agency, or partnership (*Clarke* v. *McNatt*, 132 *Ga.* 610, 616-619, 64 S. E. 795, 26 L. R. A. (N. S.) 585); nor in contracts of consignment amounting merely to a bailment (*National Bank* v. *Goodyear*, 90 *Ga.* 711 (3), 725, 16 S. E. 962); nor in cases of sales by thieves or trespassers unlawfully acquiring possession of the goods (*Milltown Lumber Co.* v. *Carter*, 5 *Ga. App.* 344 (2, *d*), 63 S. E. 270; 24 R. C. L. 375); nor does it have application in sales of cotton and other products by "planters and commission merchants, on cash sale," under section 3126 of the Civil Code (1910) (*Flannery* v. *Harley*, 117 *Ga.* 483, 43 S. E. 765; *Ocean Steamship Co.* v. *Southern Naval Stores Co.*, 145 *Ga.* 798 (2), 89 S. E. 838); in all of which cases the title of the vendor may be asserted against a bona fide purchaser regardless of the conditional sale statutes. The instant case does not fall within the rule announced in *Rowe* v. *Spencer*, 140 *Ga.* 540, 544 (79 S. E. 144, 47 L. R. A. (N. S.) 561), for the reason that here no notes or contract were ever executed or recorded within the time prescribed by the statute. The justness of the rule is based upon the equitable principle that, where one of two innocent persons must suffer loss by reason of the wrong of another, the loss should fall on him by whose act or omission the wrongdoer has been enabled to commit the wrong. Civil Code (1910), § 4537; *Wheeler* v. *Irish-American Bank*, 105 *Ga.* 57 (31 S. E. 48); 24 R. C. L. 378 (§ 665); *Butler* v. *Moseley*, 14 *Ga. App.* 288, 291 (80 S. E. 789). See also *Mashburn* v. *Dannenberg Co.*, 117 *Ga.* 567, 575 (44 S. E. 97), and *Willingham* v. *McGuffin*, 18 *Ga. App.* 658 (90 S. E. 356), where it was held that, "where an owner has given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or has given the external indicia of the right of disposing of his property, a sale to an innocent purchaser divests the true owner's title."

3. In accordance with the foregoing principles, the superior court properly overruled the certiorari of the plaintiffs in the municipal court from a judgment in favor of the defendants.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 8, 1923. REHEARING DENIED MARCH 1, 1923.

Certiorari; from Fulton superior court — Judge Ellis. March 29, 1922.

The plaintiffs sold certain cheeses under terms which, according to some evidence, were silent as to time of payment, and according to other evidence provided for payment on delivery. The goods were delivered at the purchaser's place of business by the plain-

tiffs' driver without obtaining payment of the agreed purchase-price. On the following morning the plaintiffs demanded of the purchaser the goods or the money, but he then informed them that on the day of purchase he resold the goods to the defendant merchants. Under the undisputed evidence these merchants bought in good faith in the regular course of trade, without notice of the plaintiffs' rights.

*L. G. Fortson,* for plaintiffs. *D. K. Johnston,* for defendants.