J. A. GUTHRIE *et al.* v. W. F. HOWIE *et al.*

(No. 6813)

Submitted February 17, 1931. Decided February 24, 1931.

*Vinson, Thompson, Meek & Scherr,* for plaintiff in error.
*Simms & Staker,* for defendant in error.

WOODS, JUDGE:

The National Cash Register Company complains of a judgment of the circuit court of Cabell county permitting the landlord to levy on a certain cash register delivered on the premises to his tenant under a conditional sales contract. It appears from the facts that on July 22, 1929, the tenant signed a paper requesting the cash register company to ship, freight prepaid, to his place of business a cash register of a certain model; the paper containing the terms of the agreement. The machine was shipped on August 6th. It arrived in Huntington on the 10th, and was delivered into the hands of the tenant on August 13th. The paper containing the terms of the sale was filed for recordation on August 19th. The question therefore resolves itself into whether or not the ten-day period prescribed in section 5 of the Conditional Sales Act (chapter 64, Acts 1925) began to run prior to the actual delivery of the goods to the buyer?

The section above referred to recites: ''Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is *so filed within ten days after the making of the. conditional sale.''* The construction of this section depends upon the meaning of the words ''conditional sale.'' It is significant that they are used rather than the word ''contract''. Section 1 of the act defines the term ''conditional sale'' to mean ''any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time,'' etc. Is the ''contract'' in itself the conditional sale, or must possession have been delivered thereunder to the buyer to make it such? The author in Uniform Laws, Anno. Vol. 2-A (Conditional Sales) sec. 3, page 2, says: ''It is fundamental   in the technical conditional sale

that the goods are delivered to the buyer. He is to have the possession and use of the goods while paying for them, performing some other act than payment, or awaiting the happening of some event. If the buyer does not receive possession of the goods, the transaction has no deceptive features for the public, and there is no need of special rules for the case. The element of possession, without title, but with the appearance of title, is what has given rise to need for special legislation regarding the conditional sale.'' Section 5 lays down a requirement of public record for the protection of persons who rely on the appearance of absolute ownership which the conditional sale gives to the buyer.

Our old act (section 3, chapter 74, Code), contemplated a delivery of possession to the buyer, prior to requiring recordation of the notice of such reservation. And in a number of the states today the statutes prescribe specifically that the contract shall be filed within a specified period after delivery to the conditional buyer. The Circuit Court of Appeals, Fifth Circuit, in construing a Georgia statute, providing that ''Conditional bills of sale must be recorded within thirty days from their date,'' etc., held that it meant thirty days from the date the contract became complete by delivery, and not necessarily from the date on the paper on which the contract is reduced to writing. *In re Gosch*, (1903) 126 Fed. 627, 61 C. C. A. 363. In that case the court said: ''Up to the time of the delivery of the machine, when the contract of sale became effective between the parties, it was useless to record the same, because up to that time no creditors, secured or otherwise, could be affected thereby. It is said that 'the law does not require vain and useless things,' but what use could result from a record of the preliminary contract in that case before delivery thereunder?'' In the instant case the paper at the time of signing by the tenant was a mere offer. If we say that the offer was accepted by shipment on August 6th, yet, if the right goods were not shipped, the buyer could not be required to accept the same. So far, no creditor has been misled by virtue of the fact that the parties are in negotiations for a cash register. No one can possibly be misled until after a delivery. Then section 14 of the statute, providing

for refiling upon removal of property into another county, allows the seller to file a copy of the contract within ten days after receipt of ''notice of the county to which the goods have been removed.'' In other words, the seller, even though he had notice prior to the removal, has ten days after the removal into the new filing district in which to file the contract—not ten days from notice of intention to move.

We think, in view of the clear wording of the statute and the objects sought to be attained thereby, that there cannot be a conditional sale in contemplation of the statute, until there has been a delivery of goods into the hands of the purchaser.

The question of whether or not a landlord's lien attaches immediately after the running of the ten days' period becomes unnecessary of decision, in view of the fact that the contract was filed within the proper time in this case.

*Reversed; verdict set aside; case remanded.*