### 12413.   FERGUSON *v.* HOGAN & BROTHERS.

1. Where personal property is sold for cash, and not on credit, and the buyer obtains possession of the property without paying for it, the mere acceptance by the seller a few days thereafter of a sum of money from the buyer as part payment of the purchase-price of the property *does* not change the transaction from a cash sale to a credit sale; and a third person who buys the property from the original purchaser obtains no title thereto, and the property can be recovered by the original seller in an action in trover.   It would be otherwise if, when the partial ·payment was made, there was an understanding between the parties that the original agreement as to a cash sale was abrogated and an agreement for a credit sale substituted.

2. Under the above ruling and the facts of the case, the verdict in favor of the plaintiffs was authorized by the evidence, and none of the special grounds of the motion for a new trial shows material error.

DECIDED JULY 12, 1921.

Trover; from city court of Houston county — Judge Riley. March 21, 1921.

*Oliver C. Hancock,* for plaintiff in error.

*Walter DeFore, James C. Estes,* contra.

BROYLES, C. J.   Hogan & Brothers brought a suit in trover against Alex. Ferguson for the recovery of an automobile.   The evidence authorized a finding that the car was sold by the plaintiffs to one Moore for $800, and that the transaction was a cash sale, and not a credit one, and that the original price of the car was $1,000, which was reduced to $800 in consideration of the fact that the sale was to be a cash one.   The evidence further authorized a finding that the buyer, by artifice, obtained possession of the car without paying anything for it, and that a few days afterwards the manager of the plaintiffs sent one of their

salesmen to Moore with instructions to get the car or payment for it from Moore, and that Moore paid the salesman $200 as part payment on the car, and that this money was given to the plaintiffs' manager, who applied it on the purchase-price of the car. *Subsequently* to this payment Moore sold the car to Ferguson, the defendant in this suit. While there was some evidence that when this payment was made there was an understanding between Moore and the salesman that the transaction should be changed from a cash sale to a credit one, the undisputed evidence was that the salesman had no authority to make such an agreement in behalf of the plaintiffs, and that such an agreement was never made by the plaintiffs or their manager. In the absence of such an agreement, the mere acceptance by the plaintiffs of the $200 as part payment of the purchase-price of the car would not, as a matter of law, constitute an abandonment by the plaintiffs of the cash sale and the substitution of a sale on credit.

This ruling is not in conflict with the decision in *Moate* v. *Griswold*, 27 *Ga. App.* 31 (107 S. E. 387), relied on by counsel for the plaintiff in error. In that case the property (an electric-light plant) was to be sold for cash, and the buyer obtained possession of it without paying for it, and sold it to a third person. When Moate, the original seller of the property, learned of these facts, he went to Griswold, the original buyer, *and they agreed upon a settlement* as follows: Griswold was to pay Moate $54 and *ship him another plant for the one taken.* The $54 was paid and retained by Moate, but the other plant was never shipped by Griswold, and Moate brought suit in trover against Griswold to recover the plant. This court held that these facts showed a waiver by Moate of the tortious taking of the property, and a ratification of the conversion, so as to prevent a recovery in trover. The case of *Bullard* v. *Bank of Madison,* 107 *Ga.* 772 (33 S. E. 684), is likewise easily distinguishable by its facts from the present case. In that case a planter sold cotton for cash, and the purchaser obtained possession of the cotton without paying for it, and sold it to a third person, and the planter, *with knowledge of the last sale,* took from the person to whom he had sold the cotton for cash his note covering the value of the cotton, and the Supreme Court held that this constituted an abandonment of the cash sale and a ratification of the disposition made of the cotton, and thereby the orig-

inal purchaser and all who claimed under him were released from liability for any conversion for which they may have been guilty. Furthermore, there was undisputed testimony in the instant case that Ferguson knew at the time he bought the automobile from Moore that the title to the car was in the plaintiffs.

All the issues of fact in the case were submitted to the jury with appropriate instructions thereon, and the verdict in favor of the plaintiffs was amply authorized by the evidence. All the grounds of the amendment to the motion for a new trial are based upon alleged errors in the charge of the court and are without substantial merit.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., dissents.*

LUKE, J., dissenting. I do not agree to the judgment of affirmance in this case, for the reason that, in my opinion, the cash sale of the automobile was abrogated and an agreement for a credit sale substituted. The acceptance of $200 as part payment on the purchase-price and the credit of the same upon the books of the company as a credit upon the purchase-price rendered the sale one on credit, thereby divesting the original seller of title. Therefore, in my opinion, an action in trover would not lie against a third person who bought the car subsequently to the payment and acceptance of the $200.