19491. ANCHOR DUCK MILLS v. HARP.

*Maddox, Matthews & Owens,* for plaintiff in error.

*Porter & Mebane,* contra.

JENKINS, P. J. 1. "Cotton . . or other products sold by planters or commission merchants, on cash sale, shall not be considered as the property of the buyer until fully paid for, although it may have been delivered to the buyer." Civil Code (1910), § 4126. Bank checks are not payment until themselves paid. Civil Code (1910), § 4314; *Manget* v. *National City Bank,* 168 *Ga.* 876 (2) (149 S. E. 213). Thus, in the absence of an agreement to the contrary, where there is a cash sale of cotton by a planter and he receives a check for the purchase-price, the title to the cotton does not pass until payment of the check, and on the check's being dishonored he may recover the property in trover from one buying it from the purchaser, even though the person thus buying it may have no knowledge of the title reserved in the seller by operation of the statute. *Flannery* v. *Harley,* 117 *Ga.* 483 (43 S. E. 765).

2. As a general rule, where the holder of a bank check neglects to present it for payment within a reasonable time, and the bank fails, the drawer is discharged from liability to the extent of the injury he has sustained by such failure. *Comer* v. *Dufour,* 95 *Ga.* 376 (22 S. E. 543, 30 L. R. A. 300, 51 Am. St. R. 89). But "the drawer of a check is not absolved from liability thereon because

of any delay in presenting the check for payment when it does not appear that any loss resulted to the drawer from such delay, and in a suit based upon such a check against the drawer a plea by him alleging the delay but silent as to loss was properly stricken on demurrer." *Merrill* v. *Gate City National Bank,* 100 *Ga.* 147 (3) (27 S. E. 979, 38 L. R. A. 749). Accordingly, in a suit in trover instituted by one selling cotton to a cotton-buyer, against a purchaser of the cotton from the buyer, where it appeared that the buyer had given in payment for the cotton a check which was held by the plaintiff for two weeks without being presented, and on presentation was dishonored, not on account of any insolvency of the bank but by reason of lack of funds to the credit of the drawer, this delay in presenting the check for payment would not estop the plaintiff from setting up its nonpayment as preventing the title to the property from passing from him, under section 4126 of the Civil Code, unless it should appear that loss was sustained by the maker of the check by reason of the failure to present it.

3. In the instant case it is shown by the defendants' pleadings that the purchaser of the cotton from the plaintiff had an arrangement with a certain bank to finance his cotton purchases, the plan being that he would purchase the cotton, taking the warehouse receipts therefor, and give his checks drawn on the bank for the purchase-money; that he would then deliver the warehouse receipts to the bank as collateral for the money advanced, the bank in the meantime cashing the checks given for the cotton purchased; that after accumulating a number of bales of cotton in this way, the bank would deliver the cotton warehouse receipts to the purchaser, taking his trust receipt therefor, and such cotton would then be sold and the money received from the sale delivered to the bank, in whole or in part, to the extent of the amount of money advanced to the purchaser. In the instant case the plaintiff seller, instead of presenting promptly the check given him for his cotton, held it until after the purchaser of the bank had sold the cotton and applied the money received therefor to the purchaser's indebtedness to the bank, so that when the check was finally presented for payment the bank claimed that the purchaser had no funds on deposit with it to pay the check. It is alleged that had the check been presented promptly, or within a reasonable time, after its receipt from the purchaser, it would have been paid by the bank, either under the

arrangement stated, or else out of funds which might have happened to be then on deposit in the bank to the credit of the purchaser, and that the plaintiff is therefore estopped by his conduct in withholding presentation of the check from setting up his title to the cotton. Plaintiff testified, without contradiction, that he received the check in payment for the cotton too late to be cashed on that day; that he resided in the State of Alabama, some twenty-eight miles from Rome, and returned home carrying the check with him the day he sold the cotton and received the check; and that he did not and could not leave home for two weeks thereafter, on account of the sickness of his wife. Counsel for defendant in error cited *Comer* v. *Dufour,* supra, in support of the doctrine that "what is a reasonable time will depend upon circumstances, and the relation of the parties between whom the question arises. When the facts are undisputed, the question is one of law to be determined by the court." He contends that under the undisputed evidence a verdict in favor of the plaintiff was demanded on the theory that the defendant had failed to show any such unreasonable withholding of the check as would estop the plaintiff from asserting his rights under the statute. It does not seem necessary to decide whether or not this contention of the plaintiff is sound, since it appears that the judgment of the court below should be affirmed on other legal principles. The object of the statute embodied in section 4126 of the Civil Code (1910) is to retain in the seller the title to cotton or other products sold on a cash sale by planters or commission merchants, until the purchase-price is fully paid, despite delivery to the buyer. Inasmuch as the purchase-money for the cotton in question has never been actually paid, and as the plaintiff's vendee does not appear to have suffered loss by reason of any withholding of the check, such as might estop the plaintiff from denying its payment, and since, under code-section 4126, the defendant, who claims under the plaintiff's vendee, has no higher rights or better standing than the one under whom he claims, the plaintiff is not estopped as against the purchaser or his vendee, the defendant, from denying the payment of the check; with the consequence that under the provisions of the statute title to the cotton still remains in the plaintiff. The defendant can not invoke the doctrine of estoppel in pais in this case, because it is in privity with the plaintiff's vendee, who could not himself invoke it. It is

true that there is a general principle of law to the effect that if one "has given the external indicia of the right of disposing of his property, a sale to an innocent purchaser divests the true owner's title" (Civil Code, § 4119), which is but an application of another and broader general principle, to the effect that "when one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury must bear the loss" (Civil Code, § 4537), still the provisions of section 4126 of the Civil Code must be taken to establish a special rule with reference to sales of cotton or other products by planters or commission merchants on cash sale, such as will protect the seller in his title even as against one purchasing from his vendor without any sort of knowledge of the title thus reserved in the seller by operation of the statute.

4. "Where the defendant is in possession of property sued for at the time of the institution of a suit in trover, proof of demand and refusal is necessary only to save the plaintiff the costs of court in case the defendant should disclaim title to the property." *Pearson* v. *Jones,* 18 *Ga. App.* 448 (89 S. E. 536). In the instant case the averment of the petition that the defendant was in possession of the property was not denied, but it was admitted that the "same came into its possession." Therefore it was not necessary for the plaintiff to prove a demand and refusal to deliver.

5. The evidence as to the value of the property is undisputed, and the court, under the foregoing rulings, properly struck the defendant's plea and directed a verdict for the plaintiff.

*Judgment affirmed. Stephens and Bell, JJ., concur.*