## 20372. SPARKMAN v. BROWN.

BELL, J.   1. "In a sale of goods, where nothing is said between the parties as to the time of payment of the price, the transaction is understood to be a cash sale.  Civil Code (1910), § 4130; 23 R. C. L. 1382 (§ 205); 35 Cyc. 264 (§ 3).  In such a case the mere fact that the buyer obtained possession of the goods without payment of the purchase-price does not, as between the vendor and the vendee, operate to pass the title, and trover will lie against him to recover the goods or their equivalent in money."  *Morris* v. *Walker Bros. Co.*, 29 *Ga. App.* 476 (2) (116 S. E. 201), and cit.

2. The evidence in the instant trover case, notwithstanding conflict in the testimony as to another matter, showed conclusively and without dispute that the defendant bought the property on cash sale, and had neither paid nor tendered any part of the purchase-money before the filing of the suit or at any other time; and the evidence, therefore, demanded a verdict in favor of the plaintiff on the issue as to title.

3. There was no evidence from which the jury could have inferred a waiver by the plaintiff of the cash condition of the sale, and, the defendant having the burden of establishing his contention upon this question, a finding for the plaintiff thereon was the only proper result.  Civil Code (1910), § 5746; *Liverpool &c. Ins. Co.* v. *Hughes*, 145 *Ga.* 716 (89 S. E. 817); *Kaufman* v. *Young*, 32 *Ga. App.* 135 (5) (122 S. E. 822).

4. The trial court properly directed a verdict in favor of the plaintiff, and the superior court did not err in dismissing the certiorari.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 12, 1930.

*Foley & Chappell,* for plaintiff in error.   *Terry & Bray,* contra.