25278. Ward *v.* Capital Automobile Company.

Stephens, J. 1. "Fraud" which, under the Code, § 82-101, authorizes the issuance of a possessory warrant to recover a personal chattel which has been taken, enticed, or carried away by *fraud* from the possession of the party complaining, is only that fraud by which the mere possession of the property is acquired, and is not fraud inhering in the procure-

ment of the contract under which the possession of the property was acquired. *Jackson* v. *Sparks*, 36 *Ga.* 445; *Amos* v. *Dougherty*, 65 *Ga.* 612.; *Welborn* v. *Shirly*, 65 *Ga.* 695.

2. Possession of an automobile is not procured by fraud where it is delivered by a seller thereof to a purchaser under a contract of sale by which the seller accepts from the purchaser, in payment of the purchase-price, a check on a bank in which the seller knows the purchaser has no funds, and the seller agrees to withhold presentation of the check for payment until a certain date when the purchaser will deposit in the bank sufficient funds to cover the check, and the purchaser fails to do so, and the check is not paid on presentation afterward on that date. Possessory warrant therefore does not lie at the instance of the seller to recover the automobile from a person who afterward purchased it from the purchaser.

3. On the trial of an issue formed by a possessory warrant taken out by a seller to recover an automobile from a person who purchased it from the original purchaser, where it appeared from the uncontradicted evidence that the possession of the automobile had not been acquired from the plaintiff by fraud or by other means which would authorize its recovery by possessory warrant, the judgment awarding the property to the plaintiff was without evidence to support it, and was contrary to law. The court erred in overruling the certiorari.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JUNE 18, 1936.

*J. D. Tindall, C. N. Davie, J. F. Kemp,* for plaintiff in error. *Neely, Marshall & Greene, W. Neal Baird,* contra.