## 32528. HALL *v.* LeCROY

Decided July 15, 1949.

*Kelley, Zellars & Foster, Frank Grizzard, Frank A. Bowers,* for plaintiff.

*Linton S. Johnson,* for defendant.

WORRILL, J. The only question before the court in this case for determination is: Was the defendant LeCroy an innocent purchaser from Gilstrap?

We think that this case is controlled by the rulings made in *Capital Automobile Co.* v. *Ward,* 54 *Ga. App.* 873, 876, 877 (189 S. E. 713), and *Blount* v. *Bainbridge,* 79 *Ga. App.* 99 (53 S. E. 2d, 122). In the former case it was said: "It is quite true, as earnestly asserted by counsel for the plaintiff in error, that in the sale of personal property the doctrine of caveat emptor applies . . ; and that 'while possession of personal property is presumptive evidence of ownership, such presumption is not conclusive, and any person dealing with the possessor as the owner will not obtain title to the property as against the true owner, *unless he has done something to mislead or deceive such person'* . . yet where the true owner has given to another 'the external indicia of the right of disposing of his property' by putting him in possession of it under a contract of sale, to be used as if it were his own, and such person does actually exercise dominion and control over it as if it were his own, then he has 'done something to mislead or deceive' a person who, on faith of such possession, buys the property for a valuable consideration; and the principle of estoppel protects such purchaser."

"In a sale of goods, where nothing is said between the parties

as to the time of payment of the price, the transaction is understood to be a cash sale. Civil Code (1910), § 4130. . . In such a case the mere fact that the buyer obtained possession of the goods without payment of the purchase-price does not, as between the vendor and the vendee, operate to pass the title, and trover will lie against him to recover the goods or their equivalent in money. . . But, where under the express or implied terms of a sale, the purchase-price is to be paid upon delivery of the goods, and the vendor, without collecting the purchase-price, nevertheless proceeds to make delivery in pursuance of his contract, and the vendee, after such delivery proceeds to resell the goods to a bona fide purchaser for value, the rights of such innocent third person are governed by the provisions of sections 3318 and 3319 of the Civil Code [§§ 67-1401, 1402, and 1403, Code of 1933] relative to conditional sales, and the vendor cannot recover the goods from such innocent purchaser, where the terms of sale had not been reduced to writing and recorded as required by the statute." *Morris & Co.* v. *Walker Bros. Co.*, 29 *Ga. App.* 476 (2) (116 S. E. 201).

Although some decisions of our appellate courts seem to have held contrary to the foregoing authority, this court in *Capital Automobile Co.* v. *Ward*, supra, after citing such contrary decisions, concluded that "Those decisions must, of course, yield to former decisions of this court and the Supreme Court, and to the provisions of our Code."

"Where an owner has given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or has given the external indicia of the right of disposing of his property, a sale to an innocent purchaser divests the true owner's title." Code, § 96-207. *Blount* v. *Bainbridge*, supra.

We think that the facts of this case as stipulated and agreed upon authorized the court to find that there was nothing on the bill of sale to the truck sufficient to move the defendant to make inquiry of any title or interest which the plaintiff might have had in the truck. Furthermore, the evidence shows that the defendant had paid out his money prior to his knowledge of or the delivery of the bill of sale to him, and we do not think that

the delivery of the bill of sale after the consummation of the bargain would operate to change the status of the defendant from that of a bona fide purchaser for value without notice to one with notice of the plaintiff's rights in the matter, and we think that the court was authorized so to find.

Applying the foregoing principles of law to the facts of this case, the trial court did not err in overruling the plaintiff's motion for a new trial, inasmuch as a verdict and judgment for the defendant were authorized.

*Judgment affirmed.  Sutton, C. J., and Felton, J., concur.*