### 32518. WOLFE v. SMITH.

WORRILL, J. 1. While it was pleaded and proved in the present case that under the law of Alabama (Barksdale *v.* Banks, 206 Ala. 569, 90 So. 913; Moore *v.* Long, 250 Ala. 47, 33 So. 2d, 6),· the lex loci contractus of the transaction here involved, where a sale of personalty is made for cash no title passes to the purchaser until the price is actually paid unless payment be waived, it was also pleaded and proved (Peoples Bank & Trust Co. *v.* Walthall, 200 Ala. 122, 75 So. 570), that an exception exists in such jurisdiction that where the owner has entrusted another with possession, indicia of ownership and apparent authority to sell, an innocent purchaser will be protected as against the original owner. Accordingly, where it was shown by undisputed evidence in the present trover action that the plaintiff sold to another in Alabama a described 1947 Buick convertible automobile for the sum of $2725, receiving therefor a check which was subsequently dishonored, and executed to the purchaser a written unconditional bill of sale, and such purchaser traded on the following day the said automobile to the defendant for the sum of $1200 and a 1941 Buick sedanette automobile valued at $1395, exhibiting the written bill of sale which had been executed by the plaintiff for the 1947 Buick convertible automobile on the preceding day, the title thus acquired by the defendant prevailed over that of the plaintiff, and the trial court did not err in directing a verdict for the defendant.

2. The contention of the plaintiff that the notation, "Paid by check," on the· bill of sale was sufficient to put the defendant on notice as to whether or not the plaintiff intended to retain title to the automobile until the check was paid, and thereby raised an issue for submission to the jury as to the bona fides of the defendant, is controlled adversely to the plaintiff by *Capital Automobile Co.* v. *Ward,* 54 *Ga. App.* 873, 878 (189 S. E. 713), where it was ruled that a similar notation could not be taken as such notice, but, on the contrary, indicated that the seller accepted the check as full and final payment and delivered the possession of the automobile to the purchaser for any use that he might desire to make of the same.

3. The contention that since it was testified that the 1947 Buick convertible automobile was taken in at $2400, whereas it had been sold by

the plaintiff for $2725, a jury question was thereby raised as to the bona fides of the defendant is without merit, since it was explained that the used car traded therefor with $1200 additional was actually worth $1395, and that to avoid showing a loss on the books of the defendant the price of the 1947 Buick convertible automobile was depressed· to $2400 and the price of the used car included in the trade depressed to $1200.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

. DECIDED OCTOBER 14, 1949.

*Ernest C. Britton, Dan S. Beeland,* for plaintiff.

*Smith, Elliott & Swinson, William J. Schloth, Hill, Hill, Whiting & Harris,* for defendant. ·