36763. TEAGUE FORD SALES, INC. *v.* COMMERCIAL AUTO LOAN CORPORATION.

Decided June 11, 1957—Rehearing denied June 24, 1957.

■

130

*Mark Donahoo, Frank Grizzard, Frank A. Bowers,* for plaintiff in error.

*Wall & Maddox,* contra.

QUILLIAN, J. 1. The question to be decided is whether the plaintiff in purchasing an automobile which he knew had been paid for with a check, on the same day, was a bona fide purchaser so as to divest the claimant of his title to the automobile. In *Capital Automobile Co.* v. *Ward,* 54 *Ga. App.* 873, 874 (189 S. E. 713) it was held: "It is true that where an agreement is made to sell personal property for cash, and on delivery of the property a check is given for the purchase-price, *as between vendor and vendee* the title to the property does not pass unless it be expressly agreed between the parties that the check is taken as payment; and where the check is presented to the bank by the vendor in the usual course of business, and is returned by the bank as worthless, the vendor may recover possession of the property

from the vendee. *Winton* v. *Butler*, 53 *Ga. App.* 696 (186 S. E. 773). However, this principle is by its express terms applicable only as between vendor and vendee. 'The general rule, applicable to property other than negotiable securities that the seller can convey no greater right or title than he has, is only predicable of a simple transfer from one person to another where no other element intervenes.' 24 R. C. L. 378-9, § 665. 'Where an owner has given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or has given the external indicia of the right of disposing of his property, a sale to an innocent purchaser divests the true owner's title.' Code § 96-207."

In the present case when the claimant placed Crain in possession of the automobile by virtue of such agreement to sell, he clothed him with such indicia of title as would estop the claimant from setting up his title as against a bona fide purchaser. *Capital Automobile Co.* v. *Ward*, 54 *Ga. App.* 873, supra.

The only evidence which might prevent the plaintiff from being a bona fide purchaser was that he saw, or should have seen that the automobile had been purchased by a check on the same date he purchased it from Crain. But it has been held in *Wolfe* v. *Smith*, 80 *Ga. App.* 136 (55 S. E. 2d 675) and *Capital Automobile Co.* v. *Ward*, supra, that the knowledge on the part of the purchaser that the purchase price was paid with a check is not sufficient to put him on notice as to whether the claimant intended to retain title to the automobile until the check was paid.

There was sufficient evidence to support the judge's ruling that the plaintiff was a bona fide purchaser. The court did not err in denying the motion for new trial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*