36784. GOULDMAN-TABER PONTIAC, INC. *v.* THOMAS *et al.*

Decided July 11, 1957—Rehearing denied July 31, 1957.

*Hurt, Gaines, Baird, Peek & Peabody,* for plaintiff in error.

*Ben T. Beasley, Jr.,* contra.

GARDNER, P. J. This case concerns the sale of a car to a person who paid for the car by a check (the check made in payment being returned later, showing insufficient funds to cover); the car was immediately sold to a third party who paid for the car by check; possession was given by the original owner to the party who first bought it and possession was given by that purchaser to the third party involved.

Counsel for the plaintiff cites and relies on *Sparkman* v. *Brown,* 42 *Ga. App.* 335 (156 S. E. 240) as authority for reversal. The case at bar differs from that case in that in the *Sparkman* case the purchase money was never tendered in any form. In the instant case the purchase price was paid, although by a check which later proved to be worthless. In *Taylor* v. *Gill Equipment Co.,* 87 *Ga. App.* 309 (73 S. E. 2d 755) a Diesel engine was delivered to a purchaser in Chicago under the specific agreement that cash would be remitted as soon as the purchaser arrived in Junction City, Georgia. The purchaser did not remit and the property was subject to trover action. The case at bar differs from *Chafin* v. *Cox,* 39 *Ga. App.* 301 (147 S. E. 154) because of the difference in the trade practices in the automobile industry as compared with the trade practices involving other personal property. Car dealers have set up a certain procedure for the trade, differing widely from practices of retailers of other types of personal property. The instant case differs from *Bank of Waynesboro* v. *Davis,* 35 *Ga. App.* 201 (132 S. E. 246) for the same reason. It occurs to us that the transactions from beginning to end were handled in a loose manner. The record does not disclose that the State registration certificate was transferred nor did a bill of sale accompany either of the transactions. Code § 96-207 provides: "Where an owner has given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or has given the external indicia of the right of disposing of his property, a sale to an innocent purchaser divests the true owner's title." When the plaintiff accepted the check and turned possession of the car

over to the purchaser, the purchaser having the apparent right of ownership, he could and did dispose of the property to an innocent third party for valuable consideration and by so doing divested the plaintiff of title, under the record in this case. *Nations v. Lassiter,* 94 *Ga. App.* 504 (95 S. E. 2d 25) does not take this case out of the rule of law protecting an innocent third party purchaser for value. In *Capital Automobile Co.* v. *Ward,* 54 *Ga. App.* 873 (189 S. E. 713) this court held: "Where an owner of personal property agrees to sell it to another person for cash, and on delivery of the property to the purchaser, accepts checks in payment, and thereafter such purchaser, having been placed in possession of the property *by virtue of such agreement to sell,* sells it for a valuable consideration to a third person who has no notice of the true owner's title, the owner is thereafter estopped to set up his title as against such third person, although the checks so given, on due presentation to the drawee bank, are returned as worthless." In *Blount* v. *Bainbridge,* 79 *Ga. App.* 99 (53 S. E. 2d 122) this court held: "Where the owner of an automobile offers it for sale at an auction, and it is unconditionally delivered to such purchaser, the seller accepting a check for the purchase-price, and such purchaser sells it for a valuable consideration to a third person who has no notice of the giving of the check, the title of the original owner is divested or he is estopped from asserting it as against the innocent third party purchaser, although the check is unpaid and returned as worthless." See also *Hall* v. *LeCroy,* 79 *Ga. App.* 676 (54 S. E. 2d 468) wherein it is held: "Where, from the stipulations of fact agreed upon by the parties to a trover suit brought by P against D, it appears that P sold an automobile truck to A, and took in payment therefor A's personal check, that A subsequently sold the truck to B who then sold to D, under such facts as to show that D had no notice of the dishonor of A's check, a verdict and judgment for D were authorized, and the court did not err in overruling the plaintiff's motion for a new trial." In that case this court said, on page 678: "Although some decisions of our appellate courts seem to have held contrary to the foregoing authority, this court in *Capital Automobile Co.* v. *Ward,* supra, after citing such contrary decisions, concluded that 'Those de-

cisions must, of course, yield to former decisions of this court and the Supreme Court, and to the provisions of our Code.'

" 'Where an owner has given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or has given the external indicia of the right of disposing of his property, a sale to an innocent purchaser divests the true owner's title.' Code § 96-207. *Blount* v. *Bainbridge*, supra." It appears that this court has, as shown hereinabove, used *Capital Automobile Co.* v. *Ward*, 54 *Ga. App.* 873, supra, as a basis for reconciling previous holdings of the appellate courts which appeared to be in conflict, and that case holds in favor of the defendants here. We adhere to that decision and affirm the judgment of the trial court, based on *Capital Automobile Co.* v. *Ward*, supra.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*