PEOPLES LOAN & FINANCE CORPO-
RATION, Appellant,

v.

HALBEISEN MOTORS CO., Appellee.

No. 17753.

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1959.

Clinton J. Morgan, Rome, Ga. (Wright, Rogers, Magruder & Hoyt, Rome, Ga., of counsel), for appellant.

Oscar M. Smith, Rome, Ga. (Matthews, Maddox, Walton & Smith, Rome, Ga., of counsel), for appellee.

Before HUTCHESON, CAMERON and JONES, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal is from a judgment for plaintiff in an action for damages for the wrongful conversion by defendant-appellant of an automobile which plaintiff had sold to Douglas Motor Sales, Inc. and on which Douglas, pursuant to its general floor planning arrangement with defendant, had given a bill of sale to secure $2,800 it had borrowed from defendant.

Appellant's main defense on the merits below and here is the same as it was in the appeal in Peoples Loan & Finance Co. v. Lawson, 5 Cir., 271 F.2d 529. This is that, though the check for the purchase price of the car had not been paid, the conditions of the sale for the vesting of title in the purchaser had, therefore, not been performed, and as between it and Douglas, plaintiff's title had not passed, plaintiff's actions in entrusting possession of the car to Douglas have given defendant, with respect to plaintiff, the status of a bona fide purchaser, and plaintiff is estopped to assert against defendant its title to the car.

From the evidence, the jury could, and in support of the verdict it must be taken that it did, find substantially the following facts. The plaintiff, on July 26 or 27, in Jackson, Michigan, sold the automobile in question to Douglas Motor Sales, receiving therefor a check for $3,100, drawn on the Bank of Dalton, Georgia. The check and title papers were sent by plaintiff to the bank for payment of the check and delivery of the title papers to the purchaser upon payment of the check. The check was not

paid, the bank sent it and the title papers back to plaintiff, the title papers were never delivered, and, under the terms of the contract, the title to the car did not pass to Douglas.

In its dealings with Douglas Motors, appellant, in accordance with its general practice, simply accepted a bill of sale to secure debt prepared by Douglas, verified the loan value by an appraisal book, and made the loan without making any inquiries about the title or the circumstances of the purchase or confirming the presence of the particular automobile in Douglas' lot.

McCoy, vice-president of Peoples Loan and Finance Corporation and manager of its Rome office, and also a vice-president and director of Douglas, about thirty days before August 5, 1957, the date on which appellant decided to foreclose on Douglas Motor Sales, had talked with Dennard, president of Douglas Motors, about the business. On that occasion Dennard had told him business was slow, that in fact the business was awfully bad.

Dan Smith, who handled the transaction whereby appellant loaned Douglas $2800 and took a bill of sale to secure debt, knew that it was customary for Douglas to do business by check; that the automobile came from Halbeisen Motor Company in Michigan; and that it was normal for automobiles coming from Michigan to have a title like plaintiff's exhibit No. 2, the one used in this case, with them. He did not, however, see or ask to see the Michigan title or any other documents on the car. While he testified that he had seen the automobile described in defendant's exhibit No. 1, on Douglas' lot on July 29, he testified further that he didn't know whether the motor number shown on the bill of sale to secure debt handed him by Brannan of Douglas Motors was the one actually on the automobile.

Here, in addition to insisting that this defense was established as a matter of law and a jury verdict should, therefore, have been directed in its favor, appellant urges four other claims of error. These are (1) the denial of its motion made at the conclusion of the evidence to dismiss the cause for failure of plaintiff to establish the jurisdictional amount alleged; (2) the denial of its motion to direct a verdict because of plaintiff's failure to prove the value of its property; (3) the error of the court in permitting plaintiff's manager, who had made the sale to Douglas, to give his opinion as to the value of the automobile; and (4) errors in charging the jury that it could, and refusing to charge it that it could not, consider the selling price of the automobile in Michigan.

Here urging all its claims of error in turn, appellant insists that the judgment should be reversed and the cause dismissed for want of jurisdiction, or, in the alternative, that it should be reversed and here rendered for appellant, because (1) the evidence demanded a verdict for the defendant as an innocent purchaser under the principles of law set forth in the cases on which it relied in Cause No. 17745—Peoples Loan & Finance Co. v. Lawson, supra, and relies here,[1] and (2) there was a complete failure of the proof as to value.

As a further alternative, appellant insists that the judgment should be reversed and the cause remanded because of the errors in the admission of evidence and in the charge of the court urged by it.

■■ We do not think so. Appellant's first point, that there was a failure to prove the jurisdictional amount and the cause must be dismissed for want of jurisdiction, is clearly without substance. This is so not only because there was evidence sufficient to establish the jurisdictional amount claimed, if that had been

1. Gouldman-Taber Pontiac, Inc. v. Thomas, 96 Ga.App. 279, 99 S.E.2d 711; Capital Automobile Co. v. Ward, 54 Ga.App. 873, 189 S.E. 713; Blount v. Bainbridge, 79 Ga.App. 99, 53 S.E.2d 122; Wolfe v. Smith, 80 Ga.App. 136, 55 S.E.2d 675; Southern Discount Co. v. Elliott, 86 Ga. App. 50, 70 S.E.2d 605.

in issue, but because defendant, having tendered no good faith issue, indeed having failed to make any issue at all on the jurisdictional question until the case was concluded,[2] defendant was, on the record, precluded from raising the question. Bell v. Preferred Soc., 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15.

■ As to its position that the judgment should be reversed and here rendered because of the failure of plaintiff to offer sufficient evidence of value to support its claim to recovery, it is quite clear, both under Georgia law and generally: that value may, indeed must, ordinarily be proved by opinion evidence, and further that it may be proved either by direct or circumstantial evidence; and that there is sufficient evidence of value to take the case to the jury.

■ The rules governing proof of value are quite liberal in both federal and state courts. Georgia cases supporting these views are: Gulf Refining Co. v. Smith, 164 Ga. 811, 139 S.E. 716; Grant v. Dannals, 87 Ga.App. 389, 74 S.E.2d 119; McCoy v. City of Atlanta, 96 Ga. App. 392, 100 S.E.2d 96; Frost & Co. v. Powell, 10 Ga.App. 95, 72 S.E. 719.

■ The rule in the Federal Court which is controlling here is that competency of a witness to testify as to market value is primarily for the court, and, except in extreme cases where it is clear that the witness is only guessing, attacks upon competency are regarded as going to the weight and not to the admissibility of the testimony. The rule in Georgia is not substantially different. The evidence, that Douglas Motors had agreed to pay $3100 for the automobile and that defendant had loaned nearly that amount on it, is evidence of value to be considered along with all the other evidence, including that of plaintiff's manager.

■ Summing up, there was direct opinion evidence that the value of the property was $3100; there was evidence that the purchase price was $3100; and finally, under the law of Georgia, the

jury is the sole judge on questions of value, and they may base their verdict upon direct or circumstantial evidence or both. Grant v. Dannals, supra.

■ Coming then to the only substantial question in the case, whether appellant established its defense that plaintiff was estopped to assert its title and, therefore, defendant was in effect an innocent purchaser of the automobile, we think it sufficient to say that, for the reasons stated in the opinion in cause No. 17745, Peoples Loan & Finance Corp. v. Lawson, 5 Cir., 271 F.2d 529, it is quite clear that the evidence made out a case for the jury and amply supported its verdict.

■ Dan Smith testified: that he knew the automobile had come from Halbeisen Motors in Michigan; that it was normal for a car coming from Michigan to have a Michigan title like that introduced in evidence; and that when cars are brought in from Michigan they usually have titles with them. He also testified that he did not ask to see the Michigan title or any other documents on the car. Had he done so, he would have found that Douglas did not have the Michigan title because it had not paid for the car, and the title was being held by Halbeisen until payment was made.

Section 37–116, Georgia Code Annotated, provides:

> "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterward found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties."

Under the evidence in this case, it was clearly a question for the jury to determine whether, under all the circumstances, defendant had been negligent in not making inquiry and whether appellant's ignorance of the fact that Douglas did not have title to the car was due to such negligence. Pound v. Faulkner, 193

**2.** Cf. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183.

Ga. 413, 18 S.E.2d 749; Dyal v. McLean, 188 Ga. 229, 3 S.E.2d 571.

There is also a jury question as to whether, considering the close relation between Douglas and defendant, appellant did not have sufficient information regarding the state and condition of the Douglas business during the month of July sufficient to excite appellant's attention and put it upon inquiry, and sufficient also to prevent its being allowed to claim that it was an innocent purchaser and on that claim bailing Douglas out at the expense of plaintiff who was wholly innocent of wrong doing. In short, while this case may be regarded as lacking in some of the elements present in the Lawson case, supra, which makes it not as strong a case for a directed verdict as that case, it certainly must be said of it that it presents sufficient evidence to take the case to the jury and to support the verdict for the plaintiff.

The judgment was right. It is affirmed.