38638. COOK MOTOR COMPANY OF PANAMA CITY, INC. v. RICHARDSON.

CARLISLE, Judge. In this case the allegations of the petition in trover, as amended, show that the defendant, an individual doing business as a used automobile dealer, is in possession of certain described automobiles which he purchased for valuable consideration from another used automobile dealer in Georgia who had, in turn, acquired them from the plaintiff, a Florida used car dealer, under a contract of sale, paying the plaintiff the purchase price of said automobiles by executing to him a sight draft in the amount thereof; that the plaintiff, on the sale to the first dealer, retained the certificates of title to said automobiles required under Florida law, and said sight draft was never paid, and said certificates of title never delivered by the plaintiff vendor to the Georgia vendee; that the plaintiff took no steps to protect his interest in said automobiles except the mere retention of the title certificates; and, that the plaintiff failed to secure from said dealer and record either a title retention contract or a bill of sale to secure debt to said automobiles. *Held:*

1. Where, under a contract of sale of automobiles, by the terms of which payment therefor is to be made in cash, the vendor delivers possession of the automobiles to the vendee and agrees to accept and does accept in payment therefor a

check or draft which later is found to be worthless, and where such vendee, being in possession of the automobile, or automobiles, later sells the same to an innocent purchaser for value, trover will not lie to aid the original seller in recovering the property from the possession of the second vendee. *Capitol Automobile Co. v. Ward,* 54 Ga. App. 873 (189 S. E. 713); *Gouldman-Taber Pontiac, Inc. v. Thomas,* 96 Ga. App. 279 (99 S. E. 2d 711).

2. While under the rule above announced *as between vendor and vendee* the title to such property does not pass unless it is expressly agreed between the parties that the check or draft is taken as payment, nevertheless, "Where an owner has given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or has given the external indicia of the right of disposing of his property, a sale to an innocent purchaser divests the true owner's title." *Code* § 96-207. As has been said, this rule is merely a special application of the rule embodied in *Code* § 27-113 that, "When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss." *Blount v. Bainbridge,* 79 Ga. App. 99 (53 S. E. 2d 122); *Hall v. LeCroy,* 79 Ga. App. 676 (54 S. E. 2d 468); *Teague Ford Sales, Inc. v. Commercial Auto Loan Corp.,* 96 Ga. App. 129 (99 S. E. 2d 524).

3. No precise and directly applicable definition of "external indicia of ownership" has been found to have been made by the courts (see *Blount v. Bainbridge,* 79 Ga. App. 99, 103, supra), and each case must, in the final analysis, stand on its own facts. The allegations of fact contained in the amended petition in this case show that the plaintiff, under a contract of sale, delivered the automobiles in question to one known by him to be a dealer in used automobiles in Georgia, without taking any security therefor. The allegations show, also, that the plaintiff had done business with such dealer in a similar manner many times before. Such facts demand a finding that the plaintiff gave to such Georgia dealer such evidence of the right of selling his automobiles as according to the custom of the trade or the common understanding of the world usually accompanies the

authority to dispose of them, that is, he gave to such automobile dealer possession of the automobiles under a contract of sale, which is "external indicia of ownership," and the dealer's subsequent sale to the defendant divested the plaintiff of his title. See *Dealer's Discount Corp. v. Trammell*, 98 Ga. App. 748 (106 S. E. 2d 850).

4. The contention of the plaintiff in error that the Florida title registration law should operate to protect his interest in the automobiles after they were brought into Georgia, and that the defendant in error had notice of its operation and effect on the title to said automobiles by virtue of the fact that said automobiles had Florida license plates, is not meritorious. Under the allegations of the petition it is clear that the plaintiff in error knew at the time of the sale of the automobiles to the first Georgia dealer that they were to be brought into the State of Georgia, and under those circumstances it cannot be said that the plaintiff in error did everything that was necessary to protect his interest in said automobiles since he failed to have executed either a title-retention contract or a bill of sale to secure debt and to record such an instrument, either of which, under Georgia law, would have been an appropriate step to protect his interest in the automobiles. The full faith and credit clause of the United States Constitution does not require, under the circumstances of this case, that Georgia courts give extraterritorial effect to the Florida automobile title registration law. See *Cunningham & Co. v. Cureton*, 96 Ga. 489 (23 S. E. 420).

*Judgment affirmed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED FEBRUARY 3, 1961.

*P. Walter Jones, Isler, Welch & Jones*, for plaintiff in error.
*Perry, Walters & Langstaff, Robert B. Langstaff*, contra.