41006.   WREYFORD v. PEOPLES LOAN & FINANCE
CORPORATION OF FOREST PARK.

Decided February 22, 1965.

*Albert A. Roberts,* for plaintiff in error.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, William W. Cowan, William C. Lewis, Jr., Hodges & Oliver, G. Robert Oliver,* contra.

FRANKUM, Judge.  Prior to the effective date of the Motor Vehicle Certificate of Title Act (Ga. L. 1961, p. 68, et seq.), and thereafter, with respect to automobiles not covered thereby, the rule applicable to personal property in general that possession thereof constitutes presumptive evidence of ownership, is applicable to automobiles. *Capital Automobile Co. v. Ward,* 54 Ga. App. 873 (189 SE 713) ; *Blount v. Bainbridge,* 79 Ga. App. 99 (53 SE2d 122) ; *Gouldman-Taber Pontiac, Inc. v. Thomas,* 96 Ga. App. 279 (99 SE2d 711) ; *Cook Motor Co. v. Richardson,* 103 Ga. App. 129 (2) (118 SE2d 502). As between the parties, that is, between the vendor and the vendee of an automobile, whether the automobile be one subject to the aforesaid Act or not, the rule that title to personal property does not pass, in the absence of an express agreement between the vendor and the vendee, until the purchase price is paid, is still applicable.  So, it has been held many times that where an agreement is made to sell an automobile for cash, and on delivery of the automobile a check is given for the purchase price, as between the vendor and the vendee, and in the absence of an express agreement to the contrary, the title to the automobile does not pass

until the check is presented to and paid by the bank in the usual course of business. *Winton v. Butler,* 53 Ga. App. 696 (186 SE 773); *Blount v. Bainbridge,* supra; *Gouldman-Taber Pontiac, Inc. v. Thomas,* supra; *Cook Motor Co. v. Richardson,* supra. Analagous to those cases involving attempted payment by a bad check is the situation presented by the facts in this case where the automobile delivered by the defendant in fi. fa. to the claimant in exchange for (that is, in payment for) his automobile, proved to be worthless by reason of the failure of its title. The rationale behind this analogy is failure of consideration which, as between the parties, authorizes the avoidance of the sales contract at the election of the vendee. Thus, it is clear that in this case, as between Wreyford and Triangle Used Cars, Inc., under the undisputed evidence, title to the Ford automobile did not pass to Triangle, even though all the formalities requisite upon the transfer of title to the automobile under the provisions of the Motor Vehicle Certificate of Title Act had been complied with. But, for the reasons hereinafter stated, the court was authorized to find that the rights of the plaintiff in fi. fa. to the Ford automobile had intervened prior to any action of the claimant regarding the legality of the sale of it to Triangle Used Cars, Inc.

The provisions of the Motor Vehicle Certificate of Title Act completely eliminated, insofar as automobiles subject thereto are concerned, the principle of law applicable to personal property in general that possession alone constitutes indicia of ownership. As to automobiles subject to that Act, mere possession alone by one who is not shown on the face of the certificate of registration issued by the Revenue Commissioner to be the owner and in the absence of a properly executed assignment and warranty of title subscribed and sworn to by the registered owner before an officer authorized to administer oaths, duly assigning the title to the one in possession, is not sufficient to authorize another dealing with the possessor to treat him as the owner thereof. Thus, in claim cases of this sort where the property sought to be levied upon is an automobile required by the Motor Vehicle Certificate of Title Act to have a certificate of title, the rule that the plaintiff in fi. fa. makes out a prima facie case by

showing possession of the mortgaged chattel in the mortgagor at the time the mortgage was executed, *Butt v. Maddox,* 7 Ga. 495; *Gunn v. Jones,* 67 Ga. 398 (4), no longer applies, and it is necessary for the mortgagee-plaintiff in fi. fa. to go further and show not only possession in the mortgagor at the time of the execution of the mortgage, but that such possession was coupled with evidence of title under the Motor Vehicle Certificate of Title Act.

That it was the intent of the legislature that compliance with the provisions of the Act respecting the registration and transfer of title to automobiles coming under its provisions be essential to vest title to an automobile is manifest by the language of paragraph (d) of Section 15 of the Act (Ga. L. 1961, pp. 68, 78). This paragraph provides that except as between the parties and with certain other exceptions which we shall presently notice, a transfer by an owner is not effective until the provisions of the Act have been complied with and that no purchaser or transferee of a motor vehicle shall acquire any interest therein until he obtains from the transferor the certificate of title duly transferred in accordance with the provisions of the Act. Section 16 of that Act, however, relieves a dealer in automobiles of the duty imposed upon other transferees by Section 15 of securing a new title certificate from the Revenue Commissioner in the name of the dealer. Under that section the dealer is only required to have in his possession the certificate of title issued to the former owner with an assignment and warranty of title duly executed and sworn to before an officer authorized to administer oaths, such assignment, when thus made to a dealer, being executed in blank. In the case at bar the title certificate itself was not introduced in evidence, and the testimony as to whether the title certificate to the 1963 Ford automobile which Mr. Wreyford traded to Triangle Used Cars was ever signed by Mr. Wreyford, admitted without objection, was in conflict. Furthermore, there was no direct positive testimony that, if it was signed, it was signed with the requisite formality, that is, "subscribed and sworn to before an officer authorized to administer oaths." However, Clyde Melancon, Jr. testified on behalf of the plaintiff in fi. fa. by deposition that, when he and Mr. Wrey-

ford agreed to trade automobiles, he delivered the Pontiac to Mr. Wreyford and picked up Mr. Wreyford's Ford, picking up at the same time the "tag receipt" properly transferred; that at that time Mr. Wreyford did not have in his possession the certificate of title, but that he arranged to secure and did secure a certificate of title at a later date; that he did not get the title transferred on the records of the Commissioner to Triangle Used Cars because this is not what the law requires; that "According to the law, as I read it, you can keep a title before you sold it again, but you transfer—it didn't have to be transferred from him to me and me to somebody else"; but that the title to the Ford was given to him by Mr. Wreyford. Wayne Pilgrim, manager for the finance company (plaintiff in fi. fa.), testified that when Mr. Melancon called him on the telephone respecting transfer of the automobile and requested that he change the notes from the '62 Pontiac to the '63 Ford, he told him that if it was in line with the loan value on the Ford, they would do it; that he told Mr. Melancon to bring a check down to pay off the note on the Pontiac and also the new note to cover the money to be loaned on the Ford; that he had seen the Ford on Triangle's lot on several occasions; that Mr. Melancon had told him whose car it was; that when Melancon called respecting this change, he (Pilgrim) told him (Melancon) that since the Ford was a '63 model automobile "he [meaning Triangle Used Cars, Inc.] would have to have a title on the automobile before I [meaning Peoples Loan & Finance Corporation of Forest Park] could advance any money on it. He brought the floor plan note down on the '63 Ford Fairlane, and the title and he threw it down on the desk right there before me."

We think this testimony shows without question that both Melancon and Pilgrim were cognizant of the requirement of the "Motor Vehicle Certificate of Title Act," and that Pilgrim, as agent of the finance company, while dealing with Melancon, as agent of Triangle Used Cars, was insisting, and intent on ascertaining, that all the requirements of that Act had been complied with before Peoples Loan & Finance advanced money on the Ford automobile which was covered by the provisions of the Act. Certainly, when this testimony is aided by the univer-

sal rule that persons are presumed to know what the law requires and to abide by its requirements, *Mayor &c. of Savannah v. Wade,* 148 Ga. 766 (2) (98 SE 464), *Hutchings v. Roquemore,* 164 Ga. 637 (1) (139 SE 216), *Swofford v. Glaze,* 207 Ga. 532, 535 (1) (63 SE2d 342), we think this was sufficient to authorize the trial judge, sitting as trior of both the law and the facts in the case, to find that the claimant had invested Triangle Used Cars with indicia of ownership to the Ford automobile, and that the plaintiff in fi. fa, was authorized to deal with Triangle on the basis of such indicia. Thus, the trial judge was authorized to find the automobile subject to the levy.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*